PARLEY J. HURD, Appellant, v. MAJOR DENNY, Appellee.

## APPEAL FROM KANE.

Where a party has contracted for land, and made payments upon it, he may recover back what he has paid, with interest, if his vendor has put it out of his power to perform his contract, by having sold the same land to another.

DENNY sued Hurd in assumpsit, to recover certain moneys which he had paid Hurd for land, which Hurd had contracted to sell him. The evidence showed that Hurd admitted that he had sold and conveyed the land to another, while he had promised to convey to Denny.

The cause was tried before MORRIS, Judge, and a jury, at May term, 1854, of the Kane Circuit Court. Verdict and judgment for Denny, in the Circuit Court.

W. H. S. WALLACE, for Appellant.

J. H. MAYBORN, for Appellee.

SCATES, C. J. We are called upon for revision of the instructions refused to plaintiff, and given by the court, of his own motion. No motion being made for a new trial, the evidence is not before us for revision of the finding.

The instruction refused, we think misconceived the nature of this action. It seems to be predicated upon the idea that the suit is in the nature of an action for a specific performance, and consequently, to entitle himself to a recovery, defendent must show performance of precedent conditions. But the suit is to recover back the consideration paid, on a breach of the contract by plaintiff, by selling and conveying the land to another. Plaintiff has put it out of his power to perform, by sale to another. Yet the principle he contends for in the instruction asked, would lead to this injustice and hardship, that had there been two installments due, as precedent conditions to a conveyance, and after the payment of the first he should sell the land to another, and so rescind the contract on his part, yet the other party could not treat it as rescinded, and sue for his payment back again, without first paying the second installment, and thereby adding to the amount of his damage, injury, and the amount he would be entitled to recover. The right of recovery is not put upon the mere fact of a neglect or refusal to convey, but it is shown, in addition, that plaintiff had rescinded the contract by selling the land to Stephens. This state of facts would entitle defendant to recover back what had been advanced, without performing a condition precedent to a specific enforcement of the contract. Were defendant relying for rescision upon the simple non-compliance of plaintiff, it might be necessary to establish his right to rescind, by showing performance, or an offer to perform. But such was not the state of the record and proofs, and consequently he was not entitled to such an instruction.

The instruction given, was, we think, correct. In *Lockridge* v. *Foster et al.*, 4 Scam. R. 574, on estimating compensation, in a court of equity, for a failure of title, the court· gave the purchase money with interest, although a rescision of the contract was refused by the court.

In *Buckmaster* v. *Grundy*, 3 Gil. R. 634, the court say, interest is not recoverable on liquidated damages on contract, but

it is on money paid to another's use. So, for money collected and withheld an unreasonable length of time. *Bedell* v. *Janney et al.*, 4 Gil. R. 202. Money obtained by an extortionate demand of ferry license was allowed to be recovered back, with interest. *The County of LaSalle* v. *Simmons*, 5 Gil. R. 520.

"'Money received to the use of another, and retained without the owner's knowledge," and " money withheld by an unreasonable and vexatious delay of payment," (Rev. Stat. 295, Sec. 2,) shall bear interest.

The debtor should have thrown obstacles in the way, by some circumvention, contrivance, or management of his own, have induced delay, to make it unreasonable and vexatious. *Sammis* v. *Clark et al.*, 13 Ill. R. 546, 547 ; *Hitt* v. *Allen*, ibid. 596.

The first clause of the statute recited, would authorize this interest. When the money was paid, it was intended to be paid in good faith, on the land ; but without apprising defendant of the fact, plaintiff resold the land, and concealed the fact from defendant's knowledge, until called on for a deed. At the same time he learned of the rescision, and breach of contract, he became aware that the money had become his again, and had been received to his use in law. Plaintiff, instead of tendering back the money, offered him the obligation of a third person for masonry, and then delays payment until sued. If we were to say that such conduct was contrivance, management, and circumvention, to obtain the use of his money, it might be justified within the spirit of an unreasonable and vexatious delay of payment, but little short of fraud.

*Judgment affirmed.*