## THE PEOPLE *ex rel.* CHARLES B. POLHEMUS *v.* WILLIAM LOEWY, CLERK OF THE DISTRICT COURT OF THE TWELFTH JUDICIAL DISTRICT.

DISMISSAL OF ACTION AT PLAINTIFF'S REQUEST.—The defendant in his answer to the complaint set up a cross demand, which he insisted was a proper counter claim, and prayed affirmative relief. Afterwards a stipulation, signed by the attorneys of the respective parties, was filed, whereby it was provided that upon the trial of the cause an account might be taken of the matters thus set up; that if a balance should be found in favor of the defendant, judgment in his favor for such balance might be entered; that the stipulation should be regarded as a compromise of the counter claim, and that the counter claim should be deemed stricken from the answer; *Held*, that on this state of the record the Clerk was not required or authorized by section one hundred and forty-eight of the Practice Act, in the absence of any direction from the Court or counsel of the defendant, to enter an order, upon request of plaintiff, dismissing the action.

POWERS OF THE CLERK.—The construction of the pleadings and stipulation, and determination of the rights of the parties with respect to the counter claim under them, required the exercise of judicial functions not conferred upon the Clerk.

THIS was an original proceeding commenced in the Supreme Court, to obtain a writ of mandate commanding the Clerk of the District Court of the Twelfth Judicial District, City and County of San Francisco, to enter a judgment dismissing and discontinuing an action in which Charles B. Polhemus, the relator, was plaintiff, and James P. Treadwell and others, were defendants.

The relator first applied for a mandamus to compel the Judge of the Twelfth District to enter a judgment of dismissal, and the case is reported in 28 Cal. 166.

The relator afterwards requested the Clerk to enter a judgment of dismissal, and filed with him a discontinuance of the action, the form of a judgment, and deposited with him the defendant's costs up to that time. The Clerk refused to enter the judgment, because an answer had been filed setting up a counter claim.

The other facts are stated in the opinion of the Court.

*Delos Lake*, for Relator, in support of the writ, cited *Campbell* v. *Consalus*, 25 N. Y. 613; Practice Act, Sec. 148; and *The People ex rel. Polhemus* v. *Pratt*, 28 Cal. 166.

*J. P. Treadwell, contra*, argued that section one hundred and forty-eight of the Practice Act did not authorize the Clerk to enter a dismissal without direction from the Court, and cited *Watt* v. *Crawford*, 11 Paige, 470; *Cummins* v. *Bennett*, 8 Paige, 79; *Bank* v. *Rose*, 1 Richardson's Eq. Rep. 292; 1 Barb. Ch. Pr. 228.


By the Court, SAWYER, J.

There was something more than a mere ministerial duty to be performed in this case. A counter claim had been set up in the answer. It was not for the Clerk to determine whether a good cause of action was set out or not, or to determine whether the Supreme Court had finally disposed of that question on appeal. These questions are strictly judicial in their nature. The judgment of the Supreme Court contained no direction to the Clerk in relation to the counter claim. A counter claim had been in fact made, and other relief than that discussed in the opinion of the appellate Court demanded. The answer setting it up was still on the files of the Court. No order had been made by the Supreme or District Court striking out the counter claim. There was a stipulation filed, it is true, in which it was provided, among other things, that its provisions were accepted as a compromise of the counter claim set up, and that the counter claim should be deemed stricken from the answer. But it was also substantially provided in the stipulation, that an account of the rents and profits demanded in the counter claim should be taken, and, if there was any balance remaining after satisfying the amount for which the mortgage could be enforced by the relator as

against the respondent Treadwell, that then a judgment should be entered for the payment of the same to the respondent Treadwell. This was a stipulation, to that extent, for the same judgment which had been demanded by Treadwell in his answer on his counter claim. We do not understand it to be claimed by relator's counsel that, if the case had been actually tried under the stipulation, and a balance found in favor of respondent, judgment for the same giving the affirmative relief stipulated could not have been rendered for respondent in the case on the pleadings and stipulation as they stood. But whether they do or not, Treadwell was still claiming his judgment under the stipulation, and no ·act was stipulated to be performed by the Clerk in the premises independent of any direction from the Court. It is plain that it was not the province of the Clerk to determine what effect the stipulation filed had upon the pleadings or the rights of the parties. Such determination necessarily involved a construction of the agreement, and required the exercise of functions of a strictly judicial character, and which pertained to the Court alone.

The very elaborate arguments of counsel on this point in this case, and in the former proceeding before this Court taken against the Judge of the Twelfth Judicial District for the accomplishment of the object now sought, show that in their opinion the question is one of no ordinary gravity, and not readily solved. The question as to whether there is such a counter claim as to preclude a dismissal by the plaintiff without the consent of the defendant, was, after solemn argument, actually determined against the relator by the learned Judge of the District Court. The subsequent application to the Clerk to dismiss, was, in fact, an appeal from the judgment of the District Court to ·its own Clerk. Clearly it was never contemplated that questions of the nature involved in this proceeding should be determined by the Clerk on application to dismiss under section one hundred forty-eight of the Practice Act.

The mandate must be denied. It is so ordered, and further ordered that respondent recover his costs in the proceeding.

Mr. Justice SHAFTER, having been consulted as counsel, did not participate in the decision.

Mr. Justice RHODES expressed no opinion.