THOMAS COOPER, Appellant, *vs.* THOMAS J. STOCKTON, Respondent.

1. *Land, contract for sale of—Title bond—Conveyance by obligor to third party —Rescission of original contract—Suit by obligee for purchase money, etc.—* Where one takes possession of land under a bond given to him for conveyance thereof on payment of the purchase money, a deed by the owner to a third party in the meantime, does not of itself, regardless of the circumstances, amount to a rescission of the original contract so as to authorize the obligee to abandon the land and receive back whatever purchase money he has paid out; *ex. g.* where the grantee in the deed agreed to receive the purchase money and to give the obligee another bond, with like condition to convey on receipt of the money, and especially where the obligee himself agreed to the substitution, the latter cannot recover back money paid out for the land and improvements thereon. And most certainly such action will not lie where the obligor has the land re-deeded to himself, and then tenders the deed.

*Appeal from Gentry Circuit Court.*

S. S. *Brown,* for Appellant.

The obligee had the right, without payment or tender of the purchase money, on the conveyance to Liggett, to treat the original contract as rescinded and sue for his purchase money and damages, (Hill. Vend., 2nd. Ed., 250,) and that even though the vendor might receive back the title before the time at which he agreed to perfect the title to plaintiff. (2 Pars. Cont., 5th Ed., 256 ; see generally, Hurd vs. Denny, 16 Ill., 492 ; Miller vs. White, 32 Me., 203 ; Trinkle vs. Reeves, 25 Ill., 214 ; Burke vs. Pollack, 30 Ill., 328 ; Gray vs. Dougherty, 25 Cal., 266.)

The alleged agreement of plaintiff to release defendant from performance of his contract, and to take the obligation of Liggett for the same was such a surrender of all interest growing out of the real estate involved, as is contemplated by § 2 of the statute of frauds and perjuries, and was not susceptible of parol proof—so that the evidence on that point was improperly introduced.

*Bennett Pike,* with *Vinton Pike,* for Respondent.

I. The petition fails to state a cause of action. The alleged conveyance to Liggett was not such a disqualification of de-

fendant to perform his covenants as would excuse an offer to perform on plaintiff's part. The fact that defendant, at a certain period. had no title, does not authorize plaintiff to treat the contract as rescinded. *Non constat*, but defendant might have had the deed. at the time agreed upon, and would have had it if the plaintiff had paid the money. (Robb vs. Montgomery, 20 Johns. [N. Y.], 13 to 18; Greenly vs. Cheever, 9 *Id.*, 126.)

II. There can be no breach of a contract before the time of performance has arrived. In this case the time of performance was when plaintiff tendered purchase money and demanded deed.

III. It cannot be said that defendant was incapacitated from performing the contract on his part. In the view of a court of equity, Liggett was a mere trustee for the performance of the contract of defendant with plaintiff. Under the facts in the case, he might be compelled to execute a deed to plaintiff when the latter entitled himself to one by payment of the purchase money.

NAPTON, Judge, delivered the opinion of the court.

The petition, in this case, states that in 1869, the plaintiff bought of defendant a certain tract of land in Gentry county, for which he agreed to pay $800, and paid down $191.50, and gave his note for the remainder. The defendant then executed a bond, in the sum of $1,600, obligating him to convey to plaintiff, so soon as plaintiff should pay the full amount of said note. This obligation, it is said, is lost, and cannot be produced, and the plaintiff is unable to furnish a copy. Plaintiff alleged that afterwards he, plaintiff, paid to defendant, at different times. the sum of $118.75 on said note; that defendant put plaintiff in possession of said land at the time of the purchase, and plaintiff proceeded to make sundry improvements on the land; that he built 250 rods of post and slat fence—worth 75c. per rod—fenced in one acre for a garden with a picket fence, worth $20; that he grubbed and cleared, and broke. 25 acres, worth $3 per acre; that in the spring of 1870, plaintiff plant-

ed 40 rods of hedge, worth 75c. per rod, cleared out and walled up a well (worth $20) ; that he repaired the buildings at a cost of $25 ; that he purchased an addition for said building worth $20 ; that he paid out $6.75 for survey of said land—the sums, altogether, amounting to the sum of $815.50, expended on payments and improvements.

Plaintiff then avers, that on the 17th of December, 1872, and after all of said improvements had been made, the defendant, who then had the legal title to said land, conveyed said land to one Enoch Liggett ; thereby placing it out of his power to convey the same to plaintiff. Wherefore, the plaintiff avers that the said contract of sale has been rescinded by the act of defendant ; and that plaintiff, by reason thereof, thereupon surrendered possession of said land, whereby plaintiff has been damaged in the sum of $1,000, for which sum plaintiff asks judgment.

The answer admits the contract of sale and execution of an obligation to convey, upon the full payment of the purchase money, when it became due, which was on 26th September, 1869. The answer denies that the price was $800 ; but says it was about $600, of which the plaintiff paid about $45 and executed his note to defendant, dated September, 25th, 1869, for $456, due one day after date, at 10 per cent. interest from date—the interest to be compounded if not paid annually.

As to the alleged loss of the title bond, defendant is ignorant. He denies improvements to the value of $800.

Defendant then admits the conveyance to Liggett, as stated in the petition, but asserts that this was done, under an express agreement between plaintiff and defendant and Liggett, with the understanding that plaintiff's note should be transferred to Liggett or a new one to Liggett substituted for the one to defendant, and that Liggett was to convey to plaintiff whenever the purchase money was paid. The answer alleges that said Liggett offered to give plaintiff his written obligation for a conveyance in lieu of defendants ; but that plaintiff refused to accept said bond or pay said note or renew said note to Liggett and, therefore, said Liggett, on June, 11th 1873,

conveyed the land back to defendant and defendant tenders his deed and brings the same into court, &c.

Plaintiff's replication denies his consent to this arrangement with Liggett.

Upon the trial the court instructed that the plaintiff was not entitled to recover. A non-suit was then taken with leave, &c.

It is unnecessary to set out the evidence, as there is really no conflict in regard to the material facts of the case. The plaintiff's action is based upon the assumption that so soon as the defendant, after his bond to plaintiff, conveyed the land to Liggett, that fact alone, without regard to the circumstances under which it was made, was a rescission of the contract, and authorized the plaintiff to abandon the land and claim a return of whatever purchase money he had advanced. No allegation is made that he offered to pay the purchase money due, or demanded a conveyance, either from Liggett or defendant.

It is laid down in Hill. Vend. (250), that where a party agrees to convey land, upon performance, by the purchaser, of certain conditions, and designedly incapacitates himself to convey, the purchaser is discharged from the conditions, and that a vendee may bring an action for breach of the contract to convey, before demanding a deed, if the vendor, by his conduct, indicates that he does not intend to perform his contract; and if a party who has agreed to sell an estate is afterwards disabled from doing so, the vendee may recover the money deposited. And to sustain these observations, the case of Miller vs. Whitten (32 Me., 203); Gray vs. Dougherty (29 Cal., 266); Hurd vs. Varney, (16 Ill., 492) are cited.

But the cases are unlike the present, and the doctrine is loosely stated. The cases of Robb vs. Montgomery (20 Johns., 19), and Greeley vs. Chevers (9 Johns., 126), are quite analogous to the present one. The facts established in the present case clearly show, that the defendant did not incapacitate himself from complying with the contract. On the contrary, his conveyance to Liggett, with the assent of plaintiff at the

time, seems to have been designed for plaintiff's accommodation. Liggett was a mere trustee, to carry out the contract. He was to give just such a bond as the defendant gave and to receive and accept just such a note; and if the defendant's personal warranty was desired, he had not disabled himself from uniting with Liggett in the deed.

In fact the result showed perfect good faith on the part of defendant; for when the plaintiff finally declined taking the bond of Liggett, instead of defendant's, the defendant took a reconveyance to himself, and proffers the deed on payment of the purchase money.

The plaintiff makes no allegation of an offer to pay the purchase money, and by the contract no deed was to be made till the purchase money was paid. The note to defendant was payable one day after date. The fact that defendant conveyed to Liggett, even if made without consultation with plaintiff, did not necessarily incapacitate the defendant from conveying when the note was made. (Smith vs. Busby, 15 Mo., 392.)

But the proof shows very clearly that the conveyance to Liggett was made by consent of plaintiff, though subsequently the plaintiff refused to carry out the arrangement between himself, defendant Liggett, and forthwith brought this suit to recover back the money he had paid for the land. The defendant then procured the re-conveyance from Liggett, and was beyond doubt in a condition to make a title.

The judgment is affirmed; the other judges concur.