## Alton G. Seiberling v. Charles Lewis.

1. VENDOR AND VENDEE—*Where a Vendor of Real Estate After Making of Sale Files a Declaration of Trust.*—Where a vendor of real estate, after making the contract, files for record a declaration that he holds the real estate in trust for others, he can not afterward lawfully declare a forfeiture of the contract; but the vendee may then recover what he has paid, without tendering the balance agreed to be paid and demanding a deed.

2. SAME—*Where the Vendee Tenders the Purchase Money and Demands a Deed.*—Where a vendee tenders the balance of the purchase money and demands a deed, and the vendor refuses to accept the tender on the ground he has no title and can not perform his contract, he can not, when sued to recover the purchase money previously paid, be heard to say the time within which to make a deed had not yet expired.

3. SAME—*Where the Vendor Puts it Out of His Power to Convey.*—Where, by the contract, the vendee of real estate agreed to pay the vendor certain sums on or before each six months thereafter, and a later provision made it all payable to a third party at the rate of $2.50 per week, the provisions are not inconsistent; the privity of contract is only between vendor and vendee, and if the former puts it out of his power to convey and refuses to convey, he is liable for all money previously paid by the vendee on the contract, though paid to said third party.

Assumpsit.—Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding.  Heard in this court at the October term, 1900.  Affirmed.  Opinion filed February 13, 1901.

COVEY & COVEY, attorneys for appellant.

ARTHUR KEITHLEY, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is a suit by Charles Lewis, the vendee in a contract for the conveyance of lot 8, block 6, Seiberling's addition to Peoria Heights, against Alton G. Seiberling, the vendor, to recover what Lewis had paid upon the contract. There was a trial without a jury, upon an agreed state of facts. It was stipulated that if the court found the issues for the plaintiff, the damages should be assessed at $217.60. The court found for plaintiff, and rendered judgment for that sum. Defendant appeals.

Seiberling contracted to convey the lot to Lewis in fee simple, clear of all incumbrances whatever, by a good and sufficient warranty deed. At that time Seiberling held the fee simple title, subject to a mortgage covering that and many other lots. A few months later he executed and filed for record a declaration that he held the property in trust for Monroe Seiberling and Fred Patee. Lewis continued to make payments pursuant to his contract till long thereafter. A suit was begun to foreclose the mortgage, and Lewis ceased making payments. Alton G. Seiberling declared a forfeiture of the contract, but did not notify Lewis or any one of that action. Lewis then tendered Alton G. Seiberling the whole amount remaining unpaid under the contract, and demanded a deed pursuant thereto. The latter refused the tender, and said he had no title to the property and could not make a deed as required by the contract; that the property was heavily incumbered by mortgage, and was to be sold in satisfaction thereof in a few days. It was so sold, with many other lots upon which said mortgage rested, and all the real estate mortgaged was sold as an entirety. Lewis afterward brought this suit.

1. Seiberling could not lawfully declare a forfeiture after he had filed the declaration of trust, and thereby put it out of his power to comply with his contract. (Wallace v. McLaughlin, 57 Ill. 53; Lancaster v. Roberts, 144 Ill. 213.)

But the execution and filing of the declaration of trust authorized Lewis to recover back what he had paid, even without the formality of tendering the balance unpaid and demanding a deed. (Hurd v. Denny, 16 Ill. 492; Smith v. Lamb, 26 Ill. 396.)

2. By the contract Lewis agreed to pay the party of the first part $350 for the lot, evidencing the same by his six notes, each due on or before a date named, the dates named being six months apart, and the last due on or about May 7, 1900. Then followed these words: "All payable to Monroe Seiberling at the rate of $2.50 each and every week." At the same date Lewis executed a written order upon his employer to deduct $2.50 each week from his wages and pay the same to Monroe Seiberling. It is stipulated these payments were intended to be applied upon the real estate contract. It is argued by appellant that the provision to pay weekly is repugnant to the prior provisions requiring six notes payable "on or before" the dates named, and therefore the later provision prevails, and, computing at $2.50 per week, the whole sum was not due on December 28, 1899, when the tender and demand were made, and Lewis was not then bound to accept payment in full or furnish a deed, but had till a later date to procure title. We do not consider the provision repugnant. Lewis was to pay on or before the six dates named in the notes. The provision for weekly payments was obviously for the benefit of Lewis, to enable him to make the payments more easily. The provision for payment to Monroe Seiberling was evidently for the benefit of the vendor, and was a direction by him to so make the payments, and for reasons of his own which did not then appear. The provision to pay "on or before" the dates named gave the vendee, the maker of the notes, the option to pay before the dates named. (Tiedeman on Commercial Paper, section 25a; Chicago Railway Equipment Company v. Merchants Bank, 136 U. S. 268, 285; Mattison v. Marks, 31 Mich. 421; Cisne v. Chidester, 85 Ill. 523; Dorsey v. Wolff, 142 Ill. 589.) Besides, the vendor did not refuse to accept the tender and make a

deed on the ground that he was not bound to accept then, but had till May 7, 1900, in which to procure title, nor on the ground of his attempted forfeiture of the contract; but he put his refusal solely on the ground that he had no title and could not make a deed as required by the contract, and that the property was soon to be sold under the mortgage. He can not now shift his ground and allege a reason he did not then assert. The doctrine that a vendor has till the last day to acquire title ought not to apply to one who had title when he made the contract, and afterward conveyed it to others, or put it out of his power to perform his contract, but, as already shown, such subsequent conveyance or inconsistent act authorizes the vendee to recover what he has paid, without the useless form of tendering further money to the vendor, who has deprived himself of his title.

3. It is urged that as the money was paid to Monroe Seiberling, the suit should have been against him. But there was no privity of contract between Lewis and Monroe Seiberling. Lewis' contract was with Alton G. Seiberling. By the contract Lewis agreed to pay the party of the first part (Alton G. Seiberling) $350 for the property. It was the latter who directed the weekly payments to be made to Monroe Seiberling for purposes of his own, the reasons for which were not disclosed when the contract was made. The declaration of trust was made long after the contract, and it does not recite that Alton G. Seiberling held the lands in trust at the date of Lewis' contract, but only at the date of the declaration of trust. If Alton G. Seiberling was, in fact, the agent for Monroe Seiberling and Fred Patee when this contract was made, the agency was not disclosed, and the agent of an undisclosed principal acting in his own name as if the principal, is personally liable. It is stipulated that Lewis' tender to Alton G. Seiberling was a "legal tender," which it could not be, if, under the contract, he was not the proper person to receive payment.

The judgment is affirmed.