A. L. DENT, APPELLEE, v. P. R. JOHNSON, APPELLANT.

FILED NOVEMBER 16, 1923. No. 22548.

1. Vendor and Purchaser: FAILURE TO PERFORM. A vendor in a contract for the sale of real estate, in order to insist upon a forfeiture of part of the purchase money paid, must himself be in position to convey; and where by his own act he rendered himself incapable of doing so at a time when vendee was ready, able and willing to perform, he must restore the purchase money paid.

2. ———: ———: RECOVERY OF PURCHASE MONEY. Where vendee is able and willing to perform and vendor is unable to convey for want of title, the vendee may recover the purchase money paid.

3. ———: ———: ———. Even though vendee was in default, if vendor by his own act, before a forfeiture of the contract might be declared, or, as in this case, where no forfeiture was provided for in the contract (only a provision for liquidated damages), puts it out of his power to convey, vendee may recover the purchase money paid.

APPEAL from the district court for Hitchcock county: CHARLES E. ELDRED, JUDGE. Affirmed.

Lambe & Butler and Walter D. James, for appellant.

Cordeal & Colfer, contra.

Heard before MORRISSEY, C. J., DEAN, ROSE and GOOD, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

Action to recover $1,000 paid upon a contract for the sale and purchase of land in Hitchcock county, based upon the alleged failure of the vendor to convey. The facts are substantially as follows: Defendant Johnson, prior to September 13, 1919, had a contract for the purchase of land from Crews for $11,200, upon which he had paid $1,000 cash and was to pay $4,700 March 1, 1920, and give a mortgage upon the land for the balance, on five-year terms. On September 13, 1919, he entered into a contract for the sale of the land to plaintiff for $12,600, payable, $1,000 cash, $5,300 March 1, 1920, the remainder secured by mortgage on five years' time. Plaintiff paid the $1,000 cash payment, went into possession of the land February 28, 1920, did not make the payment March 1, or at any other time, and the contract was never completed. On March 10 or 11 defendant Johnson surrendered his contract to Crews, but was not repaid the $1,000. Plaintiff remained in possession of the land, and on or about October 1, 1920, without any offer to surrender possession, attempted to rescind his contract with Johnson, and demanded repayment of $1,000 which he had paid thereon, and, upon Johnson's refusal, brought this action. Trial to a jury resulted in verdict and judgment for plaintiff, and defendant appeals.

The dispute is as to whether the plaintiff or the defendant was responsible for the failure to carry out the contract, each contending that he was ready, able and willing to perform, but that the other was not, and the testimony upon this question is very conflicting. We think, however, that if the jury believed the testimony of the plaintiff and that of his banker, they were justified in finding plaintiff was willing and able to secure the money necessary to carry the deal through; at least it was a question for the jury, and we cannot say their finding was manifestly wrong. Plaintiff testified that he made an appointment with de-

fendant for March 11 at the bank in Culbertson for the purpose of closing the transaction, but that defendant did not show up. Defendant admits the appointment, but says it was for the 10th, and that he went to Crews' house and plaintiff did not appear there, but he made no search for him; he did not go to the bank where previous meetings had taken place.

Assuming, then, that plaintiff was able to complete the contract, we find that defendant, instead of giving him the opportunity to do so, on March 10 or 11 delivered up his contract to Crews and surrendered all claim to a conveyance of the land. By that act he abandoned the contract with plaintiff and placed it out of his power to perform it. He was not the owner or entitled to the possession, and therefore it was not necessary for plaintiff to tender the posesssion to him, which would be a vain thing in view of the fact that defendant had surrendered all rights in the land. The defendant is in the attitude of insisting upon a forfeiture of the money paid, when he is not in position to comply with the contract himself. This he is not entitled to do. *Platte Land Co. v. Hubbard,* 12 Colo. App. 465; *Seiberling v. Lewis,* 93 Ill. App. 549, where vendor executed a declaration in trust in favor of third parties, thereby putting it out of his power to convey; also *Bidwell v. Rice,* 19 Wash. 146; *Wells v. Page,* 48 Or. 74, where the same rule was announced, even though vendee was in default. In *Eaton v. Redick,* 1 Neb. 305, it was held that failure of vendee to perform did not terminate the contract, and a subsequent sale of the property by the vendor amounted to a rescission by him whereby he became liable for the purchase money paid. See, also, *Durland Trust Co. v. Augustyn,* 110 Neb. 800.

Considerable evidence was introduced tending to prove that on March 11, 1920, after defendant had surrendered his contract, the plaintiff leased the land from Crews for the year 1920 for $1,000, it being agreed at the time between plaintiff and Crews that, if plaintiff bought the land at $12,-600, the $1,000 rent money would be credited upon the pur-

Dent v. Johnson.

chase; that about October 1, 1920, the plaintiff did purchase the land from Crews and paid therefor $11,600 cash in addition to the $1,000 rent already paid.    In this situation plaintiff's possession was under the lease and subsequent purchase from Crews at the time of his attempted rescission and demand for the repayment of the $1,000 from defendant, and this would furnish an additional reason why he was not required to surrender possession to defendant.    But all testimony as to these transactions between plaintiff and Crews, after having been received, was stricken out by the district judge and the jury instructed to disregard it; so, for the purposes of this appeal, those facts cannot be considered.    Defendant also offered evidence that by his contract with Crews he was to purchase the land at $11,200, which was ruled out by the court; and the defendant alleges error on such ruling, as well as upon the instruction of the court to disregard the evidence above referred to.    In this behalf defendant contends that the evidence of the price he was to pay Crews was material as tending to show defendent's willingness to carry out the contract, the argument being that it showed a profit to him on the contract with plaintiff of $1,400, and it is not to be presumed that he would willingly forego that profit.    But the undisputed fact remains that he abandoned the contract and put himself in a position where he could not perform it, and we think that in the face of those facts such contention could not be maintained.    By the same reasoning the transactions between Crews and the plaintiff after defendant had surrendered his contract were immaterial.    By that act the rights of the respective parties became fixed.    It is difficult to understand the motive which prompted defendant to surrender his contract with Crews, but it seems clear to us that, if he desired to hold plaintiff, he should have at least maintained a position which would have enabled him to comply with the contract.

A number of objections to the instructions given and refused by the trial court are urged upon our attention; especially one in which the jury were instructed that, be-

fore defendant could retain the money deposited by the plaintiff, he must have been able to perform and offered to perform his part of the contract within a reasonable time. We do not deem it necessary to discuss the questions thus presented, for the reason that it appears beyond dispute that defendant abandoned the contract. While delivery of title and payment of the consideration were acts to be performed concurrently, it was unquestionably the duty of defendant to be in a position to convey at the time stipulated; that is, there was nothing in the contract between him and the plaintiff which entitled defendant to rely upon performance by the plaintiff to put him in a position to convey, but rather it was defendant's duty to secure the title from Crews and be prepared to convey to the plaintiff. This, we think, was the effect of the instruction complained of, and it was therefore correct. The court correctly instructed the jury that, if both parties failed to perform their mutual obligations at the time stipulated, strict performance as to time was waived, and the contract would remain unimpaired for a reasonable time thereafter, and the jury must have found that Johnson's repudiation of the contract eleven days later was too soon. Defendant was never in position to convey and by his own act rendered himself incapable of doing so.

From a careful consideration of the record and briefs, we are of opinion that plaintiff is entitled to recover, and tl   no prejudicial error is shown.

AFFIRMED.