EATON *v.* REDICK.

| | |
|---|---|
| 1 | 305 |
| 19 | 127 |

| | |
|---|---|
| 1 | 305 |
| 41 | 821 |

| | |
|---|---|
| 1 | 305 |
| 50 | 881 |

| | |
|---|---|
| 1 | 305 |
| e62 | 82 |
| 62 | 83 |

## Eaton v. Redick.

1. CONTRACT. The failure of a vendee of lands to perform the stipulations of the contract on his part does not terminate the contract, but leaves it optional with the vendor to adhere to or rescind it.

2. ——: *Rescission.* The vendor, by selling the property to another, exercises his option and rescinds the contract, and thereafter the parties stand as if no contract subsisted between them.

3. ——: *Recovery of amount paid.* When the vendor, availing himself of the vendee's default, elects to put an end to the contract, the vendee may recover back the money he has paid in part performance, with interest from the date of the rescission.

This was an action brought in the District Court for Douglas County, by Emerson H. Eaton and Sarah M., his wife, to recover from the defendant, Redick, a sum of money paid by the plaintiff, Sarah M., to the defendant, on account of a contract for the sale of a lot in Omaha, which, by reason of their failure in their payments as agreed, Redick had rescinded. The plaintiff had judgment, to reverse which the defendant brought this petition in error.

*C. Briggs*, for plaintiff in error.

Has Eaton a right of action against Redick? If he has, it is because he violated his agreement. He first broke the contract by not paying the notes at maturity. He thereby abandoned, and, in effect, rescinded the contract, so far as he was concerned, and though urged to perform, persistently refused. Can he found a right of action upon his own default?—*Chitty on Contracts*, 308 ; 1 *Id. Pleadings*, 321, 328 ; *Nash Pl.*, 298. It is claimed that Redick, some time after two of the notes were past due, sold the lot to More, and for an increased price, and that he thereby rescinded the contract. It is admitted that he sold the lot, and for an increased price. But does that help Eaton? The con-

[S. C. N.]       20

tract was put an end to by the sole act of Eaton ; Redick all the while insisting on a performance. Eaton says, I will not perform this contract: Redick says, perform, but finally sells the lot. Did this sale of the lot give a right of action to Eaton which he did not possess the day before ? How long was Redick bound to hold the lot for him ? If he was bound to hold the lot for one year, he was twenty. In order to recover in this class of action, the plaintiff must allege and prove one of three things ; either, 1. That he has performed ; or, 2. That he has offered to perform ; or, 3. That he has a good and valid reason for not performing, such as unavoidable accident, mistake or fraud.

But nothing of this appears anywhere in the case.

The case of *Ketchum* v. *Evertson*, 13 *John.* 358–364, is precisely in point. In this case the court says : " It would be an alarming doctrine to hold that the plaintiffs might violate the contract, and, because they chose to do so, make their own infraction of the agreement the basis for an action for money had and received. Every man who makes a bad bargain and has advanced money upon it, would have the same right to recover it back that the plaintiffs have. The defendant's subsequent sale of the land does not alter the case. The plaintiffs had not only abandoned the possession, but expressly refused to proceed, and renounced the contract. To say that the subsequent sale of the land gives a right to the plaintiffs to recover back the money paid on the contract, would in effect be saying that the defendant could never sell it."

This case has been recently approved by the Supreme Court of the United States, in *Hausbrough* v. *Peck*, 5 *Wal.* 497–506. See also *Ellis* v. *Haskins*, 14 *John.* 363 ; *Henderson* v. *Swift*, 20 *John.* 24, 27 ; *Green* v. *Green*, 9 *Cow.* 46·; *Bartels* v. *Rochester Bank*, 3 *Comst.* 89 ; *Smith* v. *Brady*, 17 *N. Y.* 173 ; *Leonard* v. *Morgan*, 6 *Gray*, 412 ;

*Hays* v. *Hart*, 42 *Barb.* 58 ; *Chrisman* v. *Miller*, 21 *Ill.* 236 ; *McCoy* v. *Bigby*, 6 *Ohio*, 134.

No counsel appeared on the other side.

MASON, Ch. J.

The errors assigned in this cause are, that upon the evidence and pleadings in the case the court erred in rendering judgment for the defendant in error ; that the judgment is contrary to law ; that the judgment should have been for the plaintiff, and that the court erred in overruling the plaintiff's motion for a new trial. The facts of the case are as follows : On the 19th of April, 1865, John I. Redick sold a lot situated in Omaha city, to Sarah Eaton, wife of Emerson H. Eaton, for the consideration of sixteen hundred and fifty dollars. Eaton paid on said purchase four hundred dollars, and the balance was to be paid in four equal payments in three, six, nine and twelve months. At the same time Redick executed a deed for the lot to Mrs. Eaton. By mistake or design, on the part of Emerson H. Eaton, only three notes for the deferred payments were delivered to Redick. He deposited the notes which were delivered to him and the deed for the lot with Kountze & Brothers, of Omaha, to be. delivered to Eaton when all the purchase money was paid. No payments were made on the lot after the first, although the same were often requested. On the 13th of January, 1866, Redick sold the lot to Mrs. More for the sum of twenty-two hundred dollars. This action was brought by Eaton and wife to recover the amount paid on the lot and interest. The case was tried before the court below, and Eaton and wife recovered a judgment for the sum claimed by them.

The amount which Eaton and wife were to pay for the lot was sixteen hundred and fifty dollars ; the amount

which Redick received on the re-sale was twenty-two hundred dollars. The sale to Eaton and wife was made April 19, 1865, and the re-sale to Mrs. More on the 13th of January, 1866. The failure of Eaton and wife to comply with their contract, and make the payments at the time agreed, did not terminate the special contract, but left it optional with the other party to do so. He exercised this option by the sale to Mrs. More, putting it beyond his power to fulfill his contract with Eaton, and this, too, before the last payment had fallen due. Then, on the failure of Eaton to pay, Redick chose to rescind the contract and put an end to the same, so that when this action was brought there was no subsisting contract between the parties on which the money sought to be recovered was paid. It may be admitted that if the special contract on which the money was paid was a subsisting contract between the parties, and the defendant Redick had at all times performed his part of the contract, or stood ready to do so, and at the present time insisted on performance, and the failure to perform was exclusively the fault or neglect of Eaton and his wife, they could not recover. But that is not the case. The plaintiffs failed to fulfill their contract, and the defendant chose to rescind the same, and the plaintiffs acquiesced in the choice of the defendant. Then there was no subsisting contract between the parties upon which the money sought to be recovered was paid. Redick admits, in his answer, "that when the first note became due, he called upon Kountze & Brothers, with whom he had left the notes for collection, and directed them to deliver back to said Eaton his notes, leaving them for that purpose." He is bound by this admission in his answer, and it is decisive of this case. When there is no contract subsisting between the parties, but the same has been put an end to by the election or refusal of the defendant to perform, the other party may recover back any money paid in part perform-

EATON *v.* REDICK.

.ance, with interest from the date of the rescission of the contract.—*Raymond* v. *Beamand*, 12 *Johns.* 274 ; *Gillet* v. *Clemens*, 5 *Ib.* 85 ; *Green* v. *Green*, 9 *Cow.* 46 ; *Chitty on Contracts*, 741 ; *Harris* v. *Bradley*, 9 *Ind.* 168.

It may be stated, as a principle of the common law, that when money has been paid on a special contract, an action for money had and received to recover back the same, could not be maintained if it has been in part performed, and the plaintiff derived benefit from the same. *Chitty on Contracts*, 5th ed. 627, and cases there cited ; 1 *Chitty Pleadings*, 9th ed. 355.

The case referred to in 13 *Johns., Ketchum* v. *Everston*, relied upon by the plaintiff in error, is not applicable to this case ; neither is it at variance with the principles here laid down. This determines the case. The judgment must be affirmed with costs.

Judgment affirmed.