Herman v. Edson.

STEPHEN J. HERMAN, PLAINTIFF IN ERROR, v. JAMES B. EDSON, DEFENDANT IN ERROR.

Promissory Note : CONSIDERATION.    An action was brought by the payee on the following note :
" $250.    Four months after date for value received I promise to pay S. J. Herman the sum of two hundred and fifty dollars without interest.                    " J. B. EDSON.
"'WILBER, NEB., Sept. 8, 1877."
The note was given pending a county seat election, and as an inducement for the location of the county seat at Wilber, under an agreement that it was not to be collected.    The payee, without the privity or request of the maker, paid the amount of the note to the county.    Held, there was no consideration, and as the payment was voluntary there could be no recovery thereon.

ERROR to the district court for Saline county.    Tried below before POUND, J., sitting in that county.    The opinion states the case.

*Hastings & McGintie*, for plaintiff in error.

1. It is urged for the defense that the note is founded upon an illegal consideration, for the reason that it was to aid in the erection of buildings. This cannot be so. Dillon Mun. Cor., Sec. 382, Note 1. *State v. Collins*, 6 Ohio, 126. *Odineal v. Barrit*, 24 Miss., 9. *Bryan v. Dyer*, 28 Ill., 188. *Brimhall v. Van Kampen*, 8 Minn., 13. *State, ex. rel. Park, v. Supervisors*, 24 Wis., 49. *George v. Harris*, 4 N. H., 533. *Steel v. Johnson*, 52 Ind., 197. *Stetson v. Board of Commissioners*, 52 Ind., 213.

2. Such contract is not void for want of mutuality. *Van Renssellaer v. Aikin*, 44 Barb., 547. *Barnes v. Perine*, 12 N. Y., 18. *Kennedy v. Cotton*, 28 Barb., 59. *Springfield v. Harris*, 107 Mass., 532. *Bier & Mann v. Dozier*, 24 Gratt., 16. *Miller v. Ballard*, 46 Ill., 377.

3. A party cannot set up fraud and illegality in a contract when the consideration has really passed and subsequent to the making of such contract, and in no event can he take advantage of his own wrong. *Armstrong v. Toler*, 6 Peters, 298. *Petrie v. Hannay*, 4 Term Reports, 418. *Tenant v. Elliott*, 1 Bos. & Pull., 3. *Tamer v. Russell*, 1 Bos. & Pull., 295. *Smith v. Barstow*, 2 Doug., Mich., 154.

*J. R. Webster*, for defendant in error.

1. If it should be conceded that a contract was made between Edson and Herman, the contract was not, as contended by plaintiff, for aid in erection of public buildings, but, under pretense of raising a fund to influence a public election upon a matter of general concern, policy, and convenience, and therefore is illegal, as against public policy. *Commissioners of Randolph v. Jones*, Breese, Ill., 237. *Thompson v. Supervisors*, 40 Ill., 379.

2. No contract ever was made between the parties, or any one for them. The plaintiff testifies that defendant never requested him to pay the sum represented by the note. Plaintiff obtained and received the note under representations and pledges that its payment would never be demanded, and afterward paid—if he has paid—the sum of his own motion, and without any request or authority of defendant or his knowledge, so that no element of contract enters into it, and the note is void for want of consideration. *Allen v. Woodward*, 22 N. H., 444. *Bartholomew v. Jackson*, 20 Johns., 28. *University v. McNair*, 2 Ird. Eq., 605. *Bridgewater Academy v. Gilbert*, 2 Pick., 578. *Keep v. Goodrich*, 12 Johns., 397. *Tucker v. Woods*, 12 Johns., 190.

3. There was no assent of the parties. The action being between the original parties—there being no assent to an absolute promise to pay, and the note having been obtained under false pledges—not to present or demand payment, there is no validity to the note. Both parties must have assented to the same subject matter in the same sense, or there is no contract. *Hazard v. N. Eng. Mar. Ins. Co.*, 1 Sum., 218. *Bruce v. Pearson*, 3 Johns., 534. *Armstrong v. McGee*, Add. (Pa)., 261.

MAXWELL, CH. J.

The plaintiff brought an action in the county court of Saline county upon a promissory note, of which the following is a copy:

"$250. Four months after date for value received I promise to pay S. J. Herman the sum of two hundred and fifty dollars ($250) without interest.

"J. B. EDSON.

"WILBER, NEB., Sept. 8, 1877."

Upon the trial of the cause judgment was rendered

in favor of the defendant, which, on appeal to the district court, was affirmed. The plaintiff brings the cause into this court by petition in error.

In the district court the cause was tried to the court without the intervention of a jury, and the court found " that pending an election in Saline county for the relocation of the county seat of said county, Wilber, in said county, being a competing town, one Gund, on the day of the execution of the note sued upon, came to the defendant in Wilber and solicited his note for $250, at the request of other persons, for county seat purposes. The defendant refused to give his note if ever he should have to pay it. Gund assured him he never would have to pay it. Gund represented that other notes by other parties had been given, payable to the plaintiff for the same purpose. The defendant then gave the note in suit, payable to plaintiff, and delivered the same to Gund. Gund thereupon delivered it to the plaintiff, who had other notes of other parties for like purposes, to the amount of about $300. The plaintiff and defendant and Gund were at the time residents of Wilber. On the above-mentioned notes plaintiff collected $750, and claims to have advanced $250, called for by the note in question, some time late in December, 1877, and deposited the same, together with the uncollected notes, with the county treasurer of Saline county. This money, with all moneys similarly obtained, was afterwards deposited with one Henry, a banker at Wilber, subject to the order of the county commissioners of Saline county, for the ostensible purpose of being used to build a court house at Wilber, where the county seat had been located by said election. Neither Gund nor the defendant clearly understood for what purpose the note in question was given, except that the giving of the note was in some way to be used to influence the election for the county seat, and the pay-

ment of the same was not to be demanded.    The money that plaintiff advanced was not advanced at the request nor with the knowledge of the defendant, but was advanced at his own instance.    That no court-house has ever been erected, and no contract has been made for the erection of a court house at Wilber. There was no other consideration for said note than as above cited."

The court found as a conclusion of law that the note was without consideration, and that the defendant was not liable thereon.    The findings of fact of the court are sustained by a clear preponderance of the evidence.    Did the court err in its conclusions of law?

If we view the proceeding as an inducement to the voters of Saline county to locate the county seat at Wilber, it is of very doubtful validity.    The whole course of our legislation is against every species of bribery or inducement of that nature at elections. What would be thought of a candidate for a public office who should promise the electors $3,000, or any other sum, in case of his election?    And does it make any difference that the candidate is a town contending for the county seat, instead of an individual seeking an office?    It may be said that the location of a county seat at a particular point will enhance the value of property at that place sufficiently to enable the citizens to offer a bonus as an inducement for its location. But may not a candidate for an office say with equal propriety, that if he secures his election his income will thereby be increased, so that he will pay each voter a specified sum?    The cases do not differ in principle, but merely in the mode of compensation. Then, if a candidate for a county seat may offer a bonus of $3,000, why not $30,000, or a still greater sum?    The intention of law is, as is said in the case of *The People v. Hamilton Co.*, 3 Neb., 252, to give

each voter of a county an opportunity to express by his ballot his choice for the county seat. And this can only be done where no improper inducements are held out in the nature of a reward for votes. But even if the removal of the county seat to Wilber was a valid transaction, the plaintiff could not recover. The note is not negotiable; it was made under an express agreement that payment would not be required, and the plaintiff, by paying without the request, privity, or consent of the defendant, thereby acquired no right of action against him. It was a mere voluntary payment. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.