DANIEL LEVAN v. HENRY STERNFELD ET AL., TRADING, &c.

| 55 | 41 |
| 52e | 37] |
| 55 | 41 |
| 55e | 617 |

1. A plea of tender must show that the tender was made before the commencement of the action.
2. A defendant can pay a sum of money into court after the commencement of an action, under a rule to be obtained from the court, that unless the plaintiff accepts the sum so paid, with accrued costs in discharge of his claim, so much of his claim shall be struck from his declaration. If plaintiff does not accept the sum, then the defendant may plead to the remaining part of the plaintiff's claim, and upon trial, unless the plaintiff proves that he was entitled to a sum greater than that paid into court, there should be a verdict for the defendant.
3. Payment of money into court without a rule may be disregarded by the plaintiff.
4. Upon a verdict rendered for a certain sum without costs, judgment may be entered with costs, where from the record it appears that costs follows the finding for the plaintiff as a legal incident.

---

On error to the Camden Circuit.

A writ of attachment was issued against Levan at the suit of H. Sternfeld & Co. An appearance was entered by the defendant, and thereupon the said H. Sternfeld & Co. filed their *narr.* containing the common counts. To this the defendant pleaded *non assumpsit* as to all of the plaintiff's demand except the sum of $39.70, and, as to that sum, that the defendant had tendered it and had paid the said sum, with costs, into court. The cause was tried upon the pleadings, and a verdict was returned in the following form: "For Plaintiff,

$39.70 without interest or costs." Judgment was afterwards entered upon this verdict by order of the court for the sum of $39.70 damages and $59.63 costs.

The defendant, by writ of error, brings the judgment imposing upon him the amount of $59.63 as costs into this court for a review.

Argued at June Term, 1892, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and REED.

For the plaintiff in error, *Thomas E. French.*

For the defendant in error, *Bergen & Bergen.*

The opinion of the court was delivered by

REED, J.   The question discussed in the briefs of counsel is, whether the defendant was liable to pay a full bill of costs upon the verdict as rendered by the jury.

The defendant appears to have paid into court the sum of $37.18 as costs accruing up to the time of the alleged tender.

The insistence of counsel for defendant now is, that upon the record he is not liable to pay any costs, but if he is liable to pay any, it is only those costs which accrued up to the time of the deposit of the money in court.

The record is very meagre.   The proceedings up to the time of the verdict seem to have been irregular.   From the facts set out in the plea itself, that plea was inappropriate in this case.   The facts stated in the alleged plea of tender are that the amount of $39.70 and costs was tendered on February 16th, 1888.   This date was about four days before the affidavit to the plea was made, after the filing of the declaration, and, of course, long after the commencement of the proceedings in attachment.   The transaction upon which the plea is grounded appears to have consisted entirely of the payment into court of the sum mentioned, together with the costs which had accrued, long after the commencement of the action.   Now, while the plea of tender must show that the money so tendered

is brought into court or has theretofore been paid into court (3 *Chit. Pl.* 921), and if the sum is not so paid the plaintiff may sign judgment over the plea (*Pether* v. *Shelton*, 1 *Str.* 638 ; *Chapman* v. *Hicks*, 2 *D. P. C.* 641), yet the payment of money into court is in itself quite a different affair from a tender which bars the action as to that part of the debt tendered. A tender must be made before the suing out of the writ. *Bac. Abr.*, "*Tender*," *tit. D.*

The plea must state that before the commencement of the suit the defendant was always ready to pay and tendered to pay. 3 *Chit. Pl.* 921. No instance can be found in the practice of the common law courts in which a tender made subsequent to the commencement of the action has been countenanced as a ground for a plea of tender. It, therefore, clearly appears that the plea in this case, regarded as a plea of tender, is utterly without substance.

There, however, very early in the practice of the common law courts, arose a practice of permitting, after the commencement of the action, an amount of money, at the discretion of the defendant, to be paid into court. It was introduced originally for the purpose of evading the difficulty of proving a technical tender. "The plea of tender," said Chief Justice Tenterden, in *Leatherdale* v. *Sweepstone*, 3 *Car. & P.* 342, "is in practice so seldom successful that I am always sorry to see a plea of tender on the record, because I know from experience that is very seldom made out." And Tidd says that "the practice of bringing money into court is said to have been first introduced in the reign of Charles II. at the time when Kelyng was Chief Justice, to avoid the hazard and difficulty of pleading a tender." 1 *Tidd Pr.* 619. Mr. Chitty remarks, in his "*General Practice*," *vol.* 3, *p.* 684 : "It becomes advisable for the defendant, unless it be certain that before the commencement of the action he made a legal tender that can be safely pleaded in bar, to pay money into court, *i. e.*, the amount of the sum which he is assured will cover the utmost claim, leaving the plaintiff at liberty to proceed for any further claim at his peril."

The practice alluded to does not rest upon tender at all, for money can be paid into court where no tender has been made, or made after the commencement of the action. It applies, therefore, in all cases where a defendant fears his inability to prove upon the trial that an attempted tender before the commencement of the action was a perfect tender, and also where he has neglected to make any tender at all until after the writ against him is out.

The method by which the defendant secures immunity from the payment of the further accruing interest and costs by the payment into court, is fully set out by Mr. Tidd, and is recognized in this state in the cases of the *State Bank of New Brunswick* v. *Holcomb*, 2 *Halst.* 193 ; *Wright* v. *Behrens*, 10 *Vroom* 413.

By the practice indicated, the defendant can apply to the court for leave to pay into court any sum that he thinks will cover such portion of plaintiff's claim as can be proved against him. He obtains from the court a rule in the following terms : That unless the plaintiff accepts the sum paid into court, together with costs which have accrued up to the time of payment in the discharge of his claim, then the sum so paid shall be struck from the declaration.

By the practice in the Court of King's Bench the costs were not paid into court with the sum mentioned. If the plaintiff, according to the terms of the rule, accepted the sum paid in, in discharge of his claim, he proceeded to have the costs taxed and have the same served on the defendant's attorney. If the costs were not paid, the plaintiff could proceed with his action. The language of the opinion in *Wright* v. *Behrens, supra,* indicates that the practice in this state is for the defendant to take the risk of the amount of costs and actually pay the costs which have accrued up to the time of the payment into court, together with the sum already mentioned.

If the sum paid in is not accepted by the plaintiff in full discharge of his claim, the defendant, to that portion of plaintiff's claim left after the sum paid into court is struck from the declaration, can plead *non assumpsit* or any other plea in bar.

Mr. Tidd remarks that a copy of the rule is usually annexed to the plea, or otherwise served on the plaintiff's attorney. 1 *Tidd Pr.* 654. The plea, together with the rule, is a complete answer to the entire claim. Upon the trial the only question is in respect to the liability of the defendant for that portion of his claim, above the amount so paid into court. If he proves that there was any sum due him above the amount so paid in, he has a verdict for such excess. If he fails to prove that his claim did exceed the amount paid in, there is a verdict for the defendant.

So it appears that by this practice the defendant, upon paying the $39.70 into court, could have obtained a rule that unless the plaintiff accepted that sum and costs in discharge of his claim, this sum should be struck from the declaration. Upon the failure of the plaintiff to accept the sum of $39.70 and costs, the defendant could have filed a plea of *non assumpsit* to the remaining portion of the plaintiff's claim, which, together with the rule, would have been an answer to the declaration.

Now, the money paid into court in this case, so far as the record shows, was not paid in under any rule. The clerk has no authority to receive money without a rule of court. 1 *Sell. Pr.* 18, 277; *Baker* v. *Hunt,* 1 *Wend.* 103. The doctrine is obviously sound, therefore, which is said by Campbell, in a note to *Rocker* v. *Palsgrave,* 1 *Campb.* 557, to have been laid down by Lord Ellenborough that if, after action brought, the moneys sought to be recovered are paid without a rule of court, the plaintiff must have a verdict.

The verdict in this case seems in form to have been the result of some erroneous view of the effect of the pleadings, but standing, as it does, unvacated, the question of costs was entirely aside from the province of the jury to determine, and is a mere question of law. There is nothing apparent in the records of the proceedings to show that a verdict against the defendant was not entirely proper, and if so, it carries costs, and therefore the judgment is correct.

It may be remarked that a practice of pleading a payment of money into court, although no tender had been made, came into existence under an act passed during the reign of William IV. (act 3 and 4 *Wm. IV.*, c. 42), and under the rules adopted by the courts to carry out the provisions of that act. These rules provide for a form of plea, not that any money has been tendered, but that the defendant brings a certain sum into court and that he is not indebted to a greater amount. The act, as well as the rules framed to effectuate it, are set out in full in 3 *Chit. Gen. Pr.* 684. By reason of the late day in which this English legislation was enacted, it has no effect upon the practice of the courts of this state.

Judgment is affirmed.