RICHARD C. PATTERSON v. JOHN D. MURPHY.

FILED SEPTEMBER 19, 1894.   No. 5200.

1. A party whose cause of action is founded upon a written contract is limited as to his rights by the terms of such contract, and a recovery contrary thereto cannot be sustained.

2. Contracts to Purchase Real Estate: DEFAULT IN PAYMENTS: RESCISSION BY VENDOR: ACTION BY VENDEE TO RECOVER PAYMENTS. Where a vendee had failed to perform according to the terms of a written executory contract for the purchase of real property, and the vendor, as was his contract right, has rescinded such contract, the vendee cannot maintain an action against the vendor for payments already made, on the ground that such contract must, by reason of such rescission, be considered as never having existed, for upon this last assumption the payments must be treated as purely voluntary.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

The opinion contains a statement of the case.

J. L. Kaley, for plaintiff in error:

When a vendee enters upon the performance of a contract to purchase, pays part of the consideration, and makes inexcusable default, he cannot maintain an action to recover the money so paid. (McManus v. Blackmarr, 50 N. W. Rep. [Minn.], 230.)

If time is of the essence of the contract and there is default in payment without just excuse, and without a waiver made on sufficient consideration, the court will not afford relief to the party in default. (Morgan v. Bergen, 3 Neb., 214; Horacek v. Keebler, 5 Neb., 355; Higbie v. Farr, 10 N. W. Rep. [Minn.], 592; Schumann v. Mark, 28 N. W. Rep. [Minn.], 928; Austin v. Wacks, 15 N. W. Rep. [Minn.], 409; Hanschild v. Stafford, 25 Ia., 428; Reynolds v. Burlington & M. R. R. Co., 11 Neb., 186.)

*J. J. O' Connor, contra:*

Where there is no contract subsisting between the parties, the same having been put an end to by the election or refusal of the defendant to perform, the other party may recover back any money paid on part performance, with interest from the date of the rescission of the contract. (*Eaton v. Redick*, 1 Neb., 305; *Raymond v. Bearnard*, 12 Johns. [N. Y.], 274; *Green v. Green*, 9 Cow. [N. Y.], 46; Chitty, Contracts, 741; *Harris v. Bradley*, 9 Ind., 168.)

RYAN, C.

The petition filed in the district court of Douglas county on behalf of John D. Murphy against Richard C. Patterson was in the following language: "Now comes the said plaintiff, and for his cause of action against said defendant says that on or about the 16th day of January, 1885, he purchased from said defendant lot 3, in block K, of Saunders & Heimbaugh's addition, as surveyed, platted, and recorded, for the sum of $200; that at the time of the purchase of said lot said plaintiff paid said defendant the sum of $80 as part payment on said lot 3, and said plaintiff entered into an agreement in writing for the purchase of said lot; that on September 25, 1885, said plaintiff paid said defendant on the purchase price of said lot $8 more; that on or about the 13th day of May, 1886, said plaintiff tendered to said defendant the sum of $131.60, being the amount in full due on said lot, interest, and taxes, and asked him for a deed to said property, which he refused to accept or to make a deed as he agreed to do, but sold and disposed of said lot to other parties, whereby said plaintiff has been injured in the sum of $88, with interest thereon from May 13, 1886." The prayer of the petition was for judgment for the above sum of $88, and interest from the date last named. Issues were duly joined between the parties, trial had to a jury, on whose verdict judgment was

rendered in favor of the defendant in error for the sum of $117.19.

The contract, referred to in the petition, was between Patterson, as party of the first part, and Murphy, as party of the second part, and provided that the sum of $200 should be paid to entitle the second party to a conveyance, of which $200, $80 should be due upon delivery of said written contract, and the balance should be paid in monthly payments of $10 each.    After a provision in the contract requiring strict payment to be made as provided, time being of the essence of the contract, there followed this language: "But in case the said second party shall fail to make the said payments aforesaid, or any of them, punctually and on the strict terms and times above limited; and likewise to perform and complete all and each of his agreements and stipulations aforesaid, strictly and literally, without any failure or default, the times of payment being of the essence of this contract, then the party of the first part shall have the right to declare this contract null and void, and all rights and interest thereby created or then existing in favor of said second party or derived under this contract shall utterly cease and determine, and the premises hereby contracted for shall revert and revest in said first party without any declaration of forfeiture or act of re-entry, or without any other act of said first party to be performed, and without any right of said second party of reclamation or compensation for money paid or improvements made." The theory of the defendant in error is thus stated in the brief submitted on his behalf: "The failure of Murphy to comply with his contract and make the payments at the time agreed did not terminate the special contract, but left it optional with Patterson to do so.    He exercised this option by the sale of the lot to another party at an advanced price, putting it beyond his power to fulfill his contract with Murphy.    Then, on the failure of Murphy to pay, Patterson chose to rescind the contract and put an end

to the same, so that when this action was brought there was no subsisting contract between the parties on which the money sought to be recovered was paid.   When Murphy tendered the amount due to Patterson and demanded a deed to the property, Patterson had already canceled the contract, sold the property, and put it beyond his power to fulfill his contract with Murphy.   Where there is no contract subsisting between parties, but the same has been put an end to by the election or refusal of the defendant to perform, the other party may recover back any money paid on part performance, with interest from the date of the contract."

The case of *Eaton v. Redick*, 1 Neb., 305, would seem to sustain to some extent the proposition above advanced, but we cannot believe that the opinion in the case just referred to is a correct statement of the law applicable to all cases embraced within the language employed.   For instance, in the case at bar, as has already been shown by quotation therefrom, the written contract provided that the right of rescission by Patterson, on account of the failure of Murphy to perform his undertakings, could be exercised by Patterson without any right of reclamation or compensation for money paid thereby accruing to Murphy. From the petition itself it is not clear whether the pleader bases his rights upon the written contract or not.   This is immaterial, however, for in any event the same result must follow, though for different reasons.   If the plaintiff's petition was framed in reliance upon the written contract, he should be bound by all its terms, one of which cut off the right to maintain this action.   If it was intended to utterly ignore the written contract and treat it as though it never had existed, it would follow that the payments which plaintiff sought to recover were mere voluntary payments, and that, therefore, this action could not be maintained. (*Herman v. Edson*, 9 Neb., 152; *Renfrew v. Willis*, 33 Neb., 98.)

It results, in any view of the case, that the judgment of the district court must be, and it therefore is,

REVERSED.

IRVINE, C., not sitting.