GEORGE H. WHITEMAN V. CHARLES E. PERKINS.          56  181
                                                   60  179

FILED OCTOBER 5, 1898. No. 10172.

1. Vendor and Vendee: DEFERRED PAYMENTS: SPECIFIC PERFORMANCE. A contract of sale and purchase of real estate, in which the time in relation to deferred payments of the purchase price is made of the essence of the contract, and a forfeiture provided for non-performance, may be enforced in accordance with the terms of the express stipulation.

2. ———: ———: ———: TENDER. A tender made after action instituted by the vendor to enforce his rights under the contract is too late to be effectual.

3. ———: ———: ———: OCCUPYING CLAIMANTS. A vendee of such a contract is not, as against the rights of the vendor in an action to make operative the stipulation and its forfeiture, within either the letter or spirit of what is known as the "Occupying Claimants Act" (Compiled Statutes, ch. 63).

4. Ejectment: SECOND TRIAL. In an action of ejectment a general demurrer was interposed to the reply and on hearing was overruled. The demurrant announced and made of record his determination to stand on the demurrer and plead no further, and judgment was rendered against him. *Held*, Not on demand and as of course entitled to have the judgment set aside and a new trial ordered by virtue of the provisions of section 630 of the Code, viz.: "In an action for the recovery of real property, the party against whom judgment is rendered may, at any time during the term at which the judgment is rendered, demand another trial by notice on the journal, and thereupon the judgment shall be vacated, and the action shall stand for trial at the next term."

ERROR from the district court of Dawson county. Tried below before SULLIVAN, J. *Affirmed*.

*Warrington & Stewart*, for plaintiff in error.

*Charles O. Whedon, E. C. Calkins*, and *H. V. Calkins*, contra.

Harrison, C. J.

The defendant in error instituted this action in the district court of Dawson county to recover of plaintiff in error the possession of a quarter section of land. The petition consisted of the ordinary declaration in an action of ejectment. The answer to the petition was as follows:

"1. That he denies each and every allegation therein contained.

"2. This defendant further shows that on the 2d day of August, 1897, he entered into an agreement with the plaintiff under the name of C. E. Perkins and E. F. Perkins, his wife, in which said parties agreed to sell and did sell to this defendant, and this defendant agreed to purchase and did purchase from said parties, the premises described in plaintiff's petition; and said agreement is hereto attached, marked "Exhibit A," and hereby made a part hereof.

"3. That the defendant, in good faith, entered into possession of said premises under said contract of purchase, on said day, and has remained in possession ever since.

"4. That the defendant, in good faith and relying on his rights under said contract and the law, has broke and cultivated twenty acres on said tract, of the value of $40.

"5. That this defendant has been at all times, and is now, ready and willing to pay the amounts due the plaintiff on said contract according to the terms of the same, and to comply with all the conditions thereof, and he hereby tenders in open court, for the use and benefit of the plaintiff, the sum of $367.08 and interest thereon, if any is due, to be applied on said contract.

"Wherefore, the defendant prays that plaintiff's petition may be dismissed, and for such other and further relief in the premises as in equity this defendant is entitled to, and as the court may deem proper."

Exhibit A of the foregoing pleading, the contract of purchase, contained first a general, then a specific, state-

ment of the agreed price of the land and the dates of deferred payments, principal and interest. The further portions of the contract were as follows: "And it being mutually understood that the above premises are sold to said second party for improvement and cultivation, the said party hereby further agrees and obligates himself and his heirs and assigns, that all improvements placed on said premises shall remain thereon and shall not be removed or destroyed, until final payment for said land; and further that he will punctually pay said sums of money as above specified as each of the same becomes due; and that he will regularly and seasonably pay all taxes and assessments upon said premises for the current year of 1897 and thereafter. In case the said party, his legal representatives, or his assigns, shall pay the several sums of money aforesaid punctually, and at the several times above limited, and shall strictly and literally perform all and singular his agreements and stipulations aforesaid after their true tenor and intent, then the first party will furnish the second party, his heirs or assigns, upon request of said party, and the surrender of this contract, a good and sufficient warranty deed, free and clear of all incumbrances, except as against such taxes as may be assessed against said lands, and as against any and all acts done and suffered by said purchaser or assigns, subsequent to the date of the contract. But in case the second party shall fail to make the payments aforesaid, or any of them, punctually and upon the strict terms and times above limited, and likewise to perform and complete all and each of his agreements and stipulations aforesaid, strictly and literally, without any failure or default, the times of payment being of the essence of this contract, then the party of the first part shall have the right to declare this contract null and void, and all rights and interests hereby created or then existing in favor of the said second party, or derived under this contract, shall utterly cease and determine, and the possession of the premises hereby contracted shall revest in

said first party or his assigns, without any declaration of forfeiture or act of re-entry, or without any other act by said first party to be performed, and without any right of said second party of reclamation or recompensation for moneys paid or improvements made, as absolutely, fully, and perfectly as if this contract had never been made, and in such case such payments and improvements are to be accepted as full value of use of said premises herein held by party of second part. And it is further agreed, on the part of the purchaser, that a failure to pay any installment of principal or interest, or a failure to keep all taxes paid before penalty thereon shall accrue, or to keep any of the covenants and agreements herein made by him, shall work a forfeiture and relinquishment of all his rights, and that thereupon the first party may, if he so elects,—and the purchaser hereby waives any notice of such election,—treat any purchaser as a tenant holding over and at sufferance, and proceed against such purchaser by summary action of forcible entry and detainer to recover possession. And it is further stipulated that no assignment of the premises shall be valid unless the same shall be indorsed hereon, or permanently attached hereto, and countersigned by the first party, for which purpose this contract must be sent to him by mail, or otherwise, and that no agreements, or conditions, or relations between the second party and his assignee, or any other person acquiring title or interest from or through him, shall preclude the first party from the right to convey the premises to said party or assigns, on the surrender of this agreement and the payment of the unpaid portion of the purchase-money which may be due to the first party."

For the defendant in error there was filed the following reply:

"1. Admits that the defendant entered into possession of premises described in plaintiff's petition by virtue of and under the contract set up in and made a part of said defendant's answer, but alleges the fact to be that said

defendant failed and neglected to pay the installment of $300 principal and $67.08 interest due under the terms of said contract on the first day of January, 1898, and that thereafter and on the 12th day of February, 1898, the said defendant still failing and neglecting to pay said installments of principal and interest or either, the plaintiff, in the exercise of the right and privilege reserved and stipulated for in and by said contract, and in pursuance of the provisions therein contained, declared said contract null and void, and on the same day made, executed, and delivered to said defendant a notice and declaration in writing of said forfeiture, a copy of which is hereto attached and marked "Exhibit A" and made a part of this reply.

"2. That defendant has made no offer of payment of said sum of $367.08, or any part thereof, except by the filing of his said answer, nor has he in fact paid said sum or any other sum into court for the use or benefit of plaintiff.

"Wherefore he prays for the relief demanded in his said petition."

EXHIBIT A.

"BURLINGTON, IOWA, February 12, 1898.

"*George H. Whiteman, Lexington, Nebraska*—DEAR SIR: You are hereby notified that contract for the following described property, to-wit: The southwest quarter of section 25 in township 9 north, range 19 west, in Dawson county, Nebraska, has this day been declared forfeited and cancelled, because of non-compliance of the terms of the agreement. Possession of said premises is hereby demanded. You will take notice of this declaration of forfeiture and demand for possession, and be governed accordingly."

To the reply a demurrer was interposed which, on hearing, was overruled. The plaintiff in error signified his election to stand on the demurrer and plead no further, and, after motion for a new trial on part of the plaintiff in error was overruled, judgment was rendered for defendant in error.

The main question presented and argued is with reference to the enforceability of the forfeiture clause of the contract. We know of no effective reason why, if two persons who fully understand and realize the import of the matter in hand, and in course of its adjustment meet and enter into a contract for a sale and purchase of real estate of which there is an express stipulation that time is of the essence thereof, and in event of non-performance of the conditions of payment a forfeiture shall ensue, that it may not be upheld and executed as made.

In Pomeroy, Contracts, page 462, section 390, it is said on this subject, and numerous cases cited in support of the statement: "It is now thoroughly established that the intention of the parties must govern, and if the intention clearly and unequivocally appears from the contract, by means of some express stipulation, that time shall be essential, the time of completion or of performance, or of complying with the terms, will be regarded as essential in equity as much as at law. No particular form of stipulation is necessary; but any clause will have the effect which clearly and absolutely provides that the contract is to be void if the fulfillment is not within the prescribed time."

In the decision of the case of *Missouri R., F. S. & G. R. Co. v. Brickley*, 21 Kan. 276, opinion by Brewer, J., it was stated: "While in agreements for the sale of real estate the time of payment is not ordinarily of the essence of the contract, yet, by express stipulation, the parties may make it so, and, when so made, such stipulation is, like all other stipulations of the contract, to be respected and enforced by all courts, those of equity as well as those of law."

This court in *Morgan v. Bergen*, 3 Neb. 209, gave recognition and approval to the principle on which the doctrine just stated is based when it said: "Parties may make time the essence of the contract, so that if there be a default at the day, without any just excuse and without any waiver afterwards, the court will not inter-

fere to help the party in default." (See, also, *Langan v. Thummel*, 24 Neb. 265; *Patterson v. Murphy*, 41 Neb. 818; *Brown v. Ulrich*, 48 Neb. 409; *White v. Atlas Lumber Co.*, 49 Neb. 82. We further cite *Phelps v. Illinois C. R. Co.*, 63 Ill. 468; 2 Warvelle, Vendors pp. 819, 830; 2 Beach, Equity Jurisprudence sec. 592; *Martin v. Morgan*, 25 Pac. Rep. [Cal.] 350; *Coughran v. Bigelow*, 9 Utah 266, 34 Pac. Rep. 51; *Axford v. Thomas*, 28 Atl. Rep. [Pa.] 443; *Miller v. Hughes*, 63 N. W. Rep. [Ia.] 680; *Ralph v. Lomer*, 28 Pac. Rep. [Wash.] 760; *Foot v. Bush*, 69 N. W. Rep. [Ia.] 874; *Higbie v. Farr*, 28 Minn. 439.)

The tender pleaded in the answer, if sufficient in other respects, was not made until subsequent to the forfeiture and suit brought to enforce it, and was ineffectual. (*Ralph v. Lomer, supra.*)

It is further contended that the enforcement of the contract in accordance with its terms is contrary to the spirit and intent of what is known as the "Occupying Claimants Act" (Compiled Statutes, ch. 63). It was determined in *Vance v. Burlington & M. R. R. Co.*, 12 Neb. 285, that a vendee of land under such a contract as is herein involved was not within either the letter or spirit of the act the provisions of which are invoked, and we will adhere to that decision.

It is also urged that the court erred in not granting to the plaintiff in error on his motion in that regard a second trial. It is provided in section 630 of the Code of Civil Procedure, in relation to an action such as the one at bar: "In an action for the recovery of real property, the party against whom judgment is rendered may, at any time during the term at which the judgment is rendered, demand another trial by notice on the journal, and thereupon the judgment shall be vacated, and the action shall stand for trial at the next term." This does not provide that where a party has interposed, as in the present suit, a demurrer to a pleading, which has been overruled, and has announced that he desires to plead no further, but will stand on his demurrer, and, in due

course of the proceedings, the consequent judgment has been rendered, the judgment will on demand be set aside as of course, and a new trial of the issue of law ordered. The section of the Code is clearly not open to such an interpretation. To so construe would be to give it a strained and false import. The judgment of the district court must be

AFFIRMED.