AARON J. MICHAELS ET AL., TRADING, &c., v. ADAMS EXPRESS COMPANY.

Argued February 18, 1904—Decided June 13, 1904.

A box of merchandise was entrusted to an express company for carriage under a stipulation that in case of loss by fire the carrier should not be held liable unless such fire occurred through its negligence. On the trial of an action for non-delivery of the goods, the testimony at the close of the case showed the contract of carriage and the loss of the goods by fire, but failed to show any negligence of the defendant, either affirmatively or inferentially. *Held*, that a verdict for the defendant was properly directed by the trial court.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiffs, *Thomas S. Henry.*

For the defendant, *Vredenburgh, Wall & Van Winkle.*

The opinion of the court was delivered by

GARRISON, J.    The declaration counted upon the non-delivery of a box of merchandise entrusted by the plaintiffs to the defendant as a common carrier.    The defendant pleaded specially that the goods of the plaintiffs had been accepted for carriage under a stipulation that the defendant should not be held liable for any loss occurring from fire in any of its stores or depots unless the fire occurred through its negligence.    The plaintiffs' replication to this plea was a denial of the existence of the contract.    At the trial the plaintiffs proved the shipping of the goods and their destruction by fire in a storehouse of the defendant.    The defendant's testimony was to the same effect, with more of detail, and, in addition, it proved the contract set up in its plea.    From the testimony of neither party did any negligence on the part of the defendant appear, either affirmatively or inferentially.    This being the state of the proofs, the trial court, at the conclusion of the case, directed a verdict for the defendant.    This ruling was clearly correct and disposed finally of the case.    Mere non-delivery and proof of loss by fire did not make out the case of the plaintiffs, which, in view of the contract of carriage, must rest upon the negligence of the carrier with respect to the loss by fire.    Such negligence not appearing in the testimony of either party, the defendant was entitled to a judgment for costs against the plaintiffs.

The record contains a plea by which the defendant sets up that before the commencement of the plaintiff's suit it tendered to the plaintiffs the sum of $50, and that upon the refusal of the plaintiffs to receive the said $50 the same was paid into court.    A replication admits the tender set up in this plea and renews the plaintiffs' refusal to accept the sum so tendered.    No issue upon this plea appearing on the transcript, the verdict that was directed by the trial court applies

solely to the issue joined upon the defendant's other plea, by which the defendant denies all liability by force of the contract set forth in that plea. The situation referred to in *Levan* v. *Sternfield,* 26 *Vroom* 41, is therefore not presented in the present case. The right of the plaintiffs to take this $50 out of court is not raised by a rule to show cause why a new trial should not be granted. It is the subject of a practice motion. The verdict was properly directed upon the issue that appeared upon the transcript. The plaintiffs' rule is discharged, with costs.