## DANTE v. MINIGGIO.

(Court of Appeals of District of Columbia. Submitted December 5, 1923. Decided May 5, 1924.)

No. 3956.

1. **Appeal and error ⚖=671(2)—Tender at trial of action based on claim for francs not shown by record to be sufficient.**

Record showing tender, at trial of an action based on a claim for stated number of francs due in 1909, of the number of francs due in 1909, with interest, and for costs of suit to date, it not appearing whether costs were tendered in francs or dollars, *held* insufficient.

2. **Damages ⚖=226—Judgment on claim for francs computed at rate of exchange when debt fell due.**

Where amount due plaintiff was a stated number of francs, the judgment should be computed at rate of exchange prevailing when debt fell due.

Appeal from the Supreme Court of the District of Columbia.

Action by L. Miniggio against William J. Dante, collector of the estate of Stilson Hutchins, deceased. Judgment for plaintiff, and defendant appeals. Affirmed.

George E. Sullivan, of Washington, D. C., for appellant.

John C. Gittings and Thomas M. Gittings, both of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. On October 12, 1909, there was due plaintiff, Miniggio, appellee here, 7,815.56 francs, for merchandise purchased from him in Paris, France, by Mrs. Hutchins, wife of Stilson Hutchins, since deceased, whose estate now is represented by the defendant, Dante, appellant here. This action in assumpsit was instituted in September of 1921, and issue was joined therein in the following October.

[1] At the trial defendant tendered the number of francs due in 1909, with interest in francs, "and costs of suit to date." Whether these costs were tendered in francs or dollars does not appear. The court, on a special verdict of the jury, entered judgment for the plaintiff for $1,563.70, with interest thereon from October 12, 1909, and costs; this sum representing the then value of the francs in dollars. In view of the ambiguity of the record as to the tender, we are unable to say it was sufficient. As to the applicable rule in such cases, see Colby v. Reed, 99 U. S. 560, 25 L. Ed. 484; Browning, King & Co. v. Chamberlain, 210 N. Y. 270, 104 N. E. 627; Porter v. Dixie Fire Ins. Co., 107 S. C. 393, 93 S. E. 141; Levan v. Sternfeld, 55 N. J. Law, 41, 25 Atl. 854; Whiteman v. Perkins, 56 Neb. 181, 76 N. W. 547; 38 Cyc. 149.

[2] The question presented here, therefore, is whether the amount due on the judgment, which must be in terms of American money, should be computed at the rate of exchange prevailing when the debt

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fell due, or as of the date of the judgment. The rule adopted by the learned trial justice is supported by the weight of authority, both in this country and England. In Owners of S. S. Celia v. Owner of S. S. Volturno [1921] Law Rep. 2 App. Cases 544, 37 Law Quarterly, 38, there were cross-claims for damages, and the question was at what date ought the exchange to be fixed, in order that the damages originally assessed in lire should be converted into sterling. After an exhaustive review of the question, it was ruled that the date when the loss occurred governed. Lord Buckmaster in his opinion said:

"There are only two possible dates put forward as the dates upon which the conversion can be made, the date when the loss occurred and the date when the liability for the loss was determined."

After setting forth the contention that the judgment should be considered as divided into two parts, the one declaratory of liability determined in lire and fixed at the date when the damage was incurred, and the other as a matter of mere machinery converting the lire into sterling at the date of the judgment, the opinion continued:

"To my mind that is not the true function and purpose of the judgment. A judgment, whether for breach of contract or tort, where, as in this case, the damage is not continuing, does not proceed by determining what is the sum which, without regarding other circumstances, would at the time of the hearing afford compensation for the loss, but what was the loss actually proved to have been incurred either at the time of the breach or in consequence of the wrong. With regard to an ordinary claim for breach of contract this is plain. Assuming that the breach complained of was the nondelivery of goods according to contract, the measure of damage is the loss sustained at the time of the breach, measured by the difference between the contract price and the market price of the goods at that date."

It thus appears that the English court made no distinction between actions of contract and of tort, but ruled that in either case the judgment, if assessed in a foreign currency, must be based on the amount required to convert that currency into sterling at the date when the measure was properly made, without taking into account subsequent fluctuations of exchange. In the later case of Société Des Hotels Du Touquet Paris Plage v. Cummings [1921] Law Reports, 3 K. B. 459, it was said:

"The authorities appear to me to show that, when judgment is given, the amount due on the judgment must be converted into English currency, but not at the rate of exchange prevailing at that date. In my view, they show that the plaintiff, being entitled to sue in an English court, can claim payment in English currency at the rate of exchange prevailing when the debt fell due."

In Hoppe v. Russo-Asiatic Bank, 235 N. Y. 37, 138 N. E. 497, the court in a per curiam opinion said:

"In an action properly brought in the courts of this state by a citizen or an alien to recover damages, liquidated or unliquidated, for breach of contract or for a tort, where primarily the plaintiff is entitled to recover a sum expressed in foreign money, in determining the amount of the judgment expressed in our currency, the rate of exchange prevailing at the date of the breach of contract or at the date of the commission of the tort is under ordinary circumstances to be applied."

Birge-Forbes Co. v. Heye, 248 Fed. 636, 160 C. C. A. 536, was a suit to recover amounts paid on the defendant's account in Germany, and the court said:

"The purpose of the judgment is to make whole the plaintiff for the amount which he paid out in discharging the obligations of his principal. The evidence failing to disclose any depreciation of the German mark at the time of this payment, the assumption should be that the value of the mark was at that time the normal value, and the judgment should be predicated upon this value."

The Supreme Court of the United States (251 U. S. 317, 40 Sup. Ct. 160, 64 L. Ed. 286) approved "taking the value of the German mark at par in the absence of evidence that it had depreciated *at the time of the plaintiff's payments.*" (Italics ours).

Page v. Levenson (D. C.) 281 Fed. 555, was an action for breach of contract against the buyer of goods, to be delivered in France and paid for in francs. It was held that the measure of plaintiff's recovery was such a sum in dollars as would purchase the number of francs awarded at the rate of exchange current at the date of the breach. In Guinness et al. v. Miller (D. C.) 291 Fed. 769, the same rule was adopted.

While there are earlier decisions to the contrary, we regard those cited as expressing the better and more equitable rule, which we therefore adopt. In answer to the argument advanced by appellant that, had he, prior to the bringing of suit, tendered the number of francs due he would have liquidated his obligation, it already has been suggested that he did not make such a tender, so that he is solely responsible for the situation in which he now finds himself. The question has been so thoroughly considered in the cases cited that further discussion is unnecessary.

Judgment affirmed, with costs.

Affirmed.