TAXPAYERS LEAGUE OF WAYNE COUNTY ET AL., APPELLANTS,
v. WALTER BENTHACK ET AL., APPELLEES.

285 N. W. 577

FILED MAY 5, 1939. No. 30639.

*C. H. Hendrickson,* for appellants.

*Fred S. Berry, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ., and KROGER, District Judge.

KROGER, District Judge.

Plaintiffs filed their petition in the district court for Wayne county seeking to enjoin the execution and sale of a $48,000 bond issue by the school district of the city of Wayne. From a judgment of the district court for Wayne county, sitting *en banc,* in favor of the defendants, the plaintiffs appeal.

The record discloses that the city of Wayne, Nebraska, has a population of approximately 2,500 inhabitants and that the territory of the school district of such city is embraced within the corporate limits thereof. The defendants in this action are members of the board of education of said district. A special election was called by said board for the purpose of voting upon the proposition of the school district issuing and selling its bonds in the sum of $48,000 "for the purpose of repairing, remodeling and enlarging the schoolhouse of said school district." Proper notice was

given and at said election 56.3 per cent. of the ballots cast were in favor of issuing the bonds.

Plaintiffs attack the validity of the election upon two grounds, the first being that the election was void because of bribery and fraud, and, second, that if the election was valid, the bonds failed to carry by the required majority.

The contention that there was bribery and fraud which voided the election is based upon the proposition that the federal government had offered to contribute $39,150 towards the cost of the improvement of the school facilities in the city of Wayne, provided the city would contribute the balance amounting to $48,000, and it is argued that this offer by the federal government was an inducement to the voters to favor said bond issue, and that fraud was committed upon the voters because there is no legal way to compel the federal government to live up to its offer.

In support of their position, plaintiffs cite *Herman v. Edson,* 9 Neb. 152, 2 N. W. 368, and *Ayres v. Moan,* 34 Neb. 210, 51 N. W. 830, and section 22, art. I of our state Constitution. An examination of these authorities clearly discloses that they are not in point, and we fail to find from the record in this case where the contention of plaintiffs that there was bribery and fraud is in any manner sustained.

In fact, there was no evidence of bribery or fraud, except a showing that the federal government had adopted a policy of assisting in the construction of public improvements and that the board of education of the Wayne school district, the defendants herein, expected to obtain such assistance in their building program and would not have called the special election if they had not expected to obtain such federal assistance.

The policy of the federal government to assist public bodies in their building programs has, as its object, the public good and welfare, and is available to all communities on an equal basis. Its purpose is lawful. While there might be a reasonable difference of opinion as to the wisdom of such a policy, there can be no question as to its

legality, and the courts are only concerned with the latter. Neither does it violate section 22, art. I of the Constitution of Nebraska. By no stretch of the imagination can it be said that such a policy prevents a free election or hinders or impedes the right of any qualified voter to exercise the elective franchise.

Plaintiffs' second contention that the bonds failed to carry by the required majority is based upon the contention that section 11-902, Comp. St. 1929, is the only valid legislation under which such bonds could be issued and that said section requires that the bonds must carry by a favorable vote of three-fifths of all votes cast.

It is further argued that section 79-2523, Comp. St. 1929, and amendment of 1937, under which defendants in this case assumed to act, is unconstitutional. An extended argument and analysis of the history of section 79-2523 is presented. We feel that no good purpose would be served in entering upon a long discussion of this section and its history. Suffice to say that the same arguments here presented were presented to this court in the case of *State v. Barton*, 91 Neb. 357, 136 N. W. 22, and after careful consideration and extended separate opinions by Justices Hamer and Sedgwick the statute was held constitutional.

Again, in the case of *McCord v. Marsh*, 108 Neb. 723, 189 N. W. 386, the constitutionality of this statute was before the court and it was upheld.

This section, in substantially its present form, has been on the statute books since 1893. Its validity has been sustained by this court in a number of decisions. Legislatures and boards of education have for years dealt with this section on the theory that it was constitutional and we conclude that its validity is now no longer open to question.

The judgment of the lower court was correct and is

AFFIRMED.