STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HAR-
OLD BROWNE, PLAINTIFF IN ERROR.

Decided December 6, 1928.

Before Justices Trenchard, Kalisch and Lloyd.

For the plaintiff in error, *Theodore Strong*.

For the defendant in error, *John E. Toolan*, prosecutor of
the pleas.

Per Curiam.

The plaintiff in error was convicted in the Middlesex
County Quarter Sessions on an indictment, based on section
51 of the Crimes act, charging him with lewdness. The
judgment pronounced on this conviction is that the plaintiff
in error be placed on probation for the full term prescribed
by law.

(1)

The case is before us for review on strict writ of error and bills of exception.

The record discloses assignments of errors and additional assignments of errors, and then a statement, which is as follows: "Said plaintiff in error, having caused the entire record of the proceedings at the trial to be certified and returned with this writ of error, hereby specifies the following additional causes upon which it relies for a reversal of said judgment," &c.

This statement is followed by twenty-five reasons for a reversal. These reasons cannot be considered.

There is nothing in the printed case which indicates that the cause has been brought up for review under the one hundred and thirty-sixth section of the Criminal Procedure act.

The review of the judgment will therefore be confined to the errors properly assigned and argued in the brief of counsel for plaintiff in error.

It is not denied that the act which the plaintiff in error was charged with having committed, constituted lewdness under the statute. The defense interposed was a denial of the commission of the act.

The only witness produced at the trial to testify to the commission of the act was the complainant, a boy of about eleven years of age. If the jury believed his testimony it was sufficient to warrant the conviction of the accused of the crime of which he stood indicted.

The denial by the accused of the commission of the crime presented a factual question, which was in the province of the jury to decide.

Taking up the brief of counsel we find he seeks to discuss, under his reasons for reversal, questions which he would have been entitled to raise if the case were brought here for review under the one hundred and thirty-sixth section of the Criminal Procedure act, but as this does not appear to be so, the reasons presented must be ignored.

The only reference in the brief to any assignments of errors is the statement of counsel of plaintiff in error; "that owing to the press of haste the assignments of errors and the exceptions were much confused. The reasons for reversal (page

45) and the additional reasons (page 49) will be taken up in their order, many of them embodied in the assignments of errors." And the further statement of counsel, at the conclusion of the brief, as follows: "The foregoing reasons are also relied on by way of assignments of errors when embodied in them."

This latter statement assumes that the court is to go through the record and ascertain what reasons presented in the printed case, and in the brief of counsel, properly embody assignments of errors.

This is not the function of a court. Counsel must present his assignments of errors in such form that each of them shall point out specifically the error relied on.

None of the assignments of errors is specifically argued in the brief of counsel before us, except the one that assigns that the verdict is against the weight of the evidence. We have read the testimony and find no merit in that contention. This leads to the result that the judgment must be affirmed.

Judgment is affirmed.