HYGRADE CUT FABRIC COMPANY, INCORPORATED, RESPONDENT, v. UNITED STATES STORES CORPORATION, APPELLANT.

Argued October 29, 1928—Decided February 4, 1929.

For the appellant, *Raymond H. Berry.*

For the respondent, *Louis A. Fast.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was an action at law upon a book account for damages of $1,400 with interest due from October 1st, 1925, and, also, for sale and delivery of the goods included in the book account. The plaintiff had judgment April 20th, 1928, for $360.45, for damages and costs by the jury on a directed verdict. On May 15th, 1928, defendant filed a notice and grounds of appeal. This appeal was from the judgment mentioned. The appellant previously assumed to file an appeal, November 18th, 1926, from a rule made in the circuit court October 4th, 1926; and respondent alleges that the same was by order of this court dismissed. Neither the notice nor the order can be found on file with the clerk of this court. This alleged order is printed in the brief of the respondent, who sets out a purported copy of it, as follows:

"Application having been made for an order dismissing the appeal of the United States Stores Corporation, from an order entered in the Essex County Circuit Court on October 4th, 1926, for lack of prosecution, and motion having been made in open court at the opening of the May term, it is therefore on motion of Fast & Fast, attorneys for the appellee Hygrade Cut Fabric Company, Incorporated.

"Ordered that the appeal of United States Stores Corporation be and the same is hereby dismissed."

It is not stated that the motion was on notice, or that counsel for defendant-appellant was present. However, it is assumed that the motion was regularly made and granted. But, let it be observed that what was dismissed was not the appeal from the judgment of April 20th, 1928, but the appeal from the rule or order of October 4th, 1926, which was not a final judgment, only an interlocutory one, and therefore not appealable at all. An appeal cannot be effective until after final judgment. *Van Hoogenstyn v. Delaware, Lackawanna and Western Railroad Co.,* 90 *N. J. L.* 189. And an appeal so taken will be dismissed as prematurely brought. *Denholtz v. Donner, Denholtz Co.,* 96 *N. J. L.* 545. See, also, *Salmons v. Rugyeri,* 103 *N. J. L.* 596. The appeal from the interlocutory rule or order was properly dismissed, even if for a wrong rea-

son, assuming it was dismissed; if not, it will be ignored as illegal.

The grounds of appeal are eight in number, and respondent objects *in limine* that as numbers six, seven and eight are not argued they are to be considered as abandoned. This is so. This court held in *Reinfeld* v. *Laden,* 98 *N. J. L.* 709, that "it is the settled and accepted practice that grounds of appeal not argued in the brief will be taken as waived or abandoned," citing cases.

Another thing: "Blanket" grounds of appeal (ones entirely general) are inadequate to raise any ruling for review. Assignments of error (grounds of appeal under existing practice) must be specific and definitely point out a ground of error, or they will not be considered. *Valenti* v. *Blessington,* 96 *N. J. L.* 498. "Counsel must present his assignments of error in such form that each of them shall point out specifically the error relied on." *State* v. *Browne,* 7 *N. J. Mis. R.* 1; 143 *Atl. Rep.* 810.

This ruling is fatal to ground number one, which is:

"1. That the Circuit Court was without jurisdiction in trying said cause and in entering judgment in the same."

It does not point out wherein the trial court was without jurisdiction.

This is also fatal to ground number three, which is:

"3. That the Circuit Court erred in attempting to use discretion in a matter which under the rules of court and principles of the common law were purely ministerial."

Because it does not point out wherein the court below attempted to use discretion in matter which, under the rules of court and principles of the common law, was purely ministerial (even if that matter be appealable).

The same doctrine applies to ground number four, which is:

"4. That the Circuit Court erred in denying rights to the defendant-appellant, which pursuant to the law vested in said appellant."

Doubtless no one will pretend that any vested right of defendant, which is said to be denied is here pointed out.

That leaves for consideration and determination grounds numbers two and five, which are as follows:

"2. That the Circuit Court erred in entering an order filed November 4th, 1926, allowing the appellee to redeposit with the clerk of the court moneys. formerly paid into court by the defendant and which the plaintiff voluntarily had taken out by order of the court upon plaintiff's own application to the court for an order to do the same, which order the Circuit Court granted.

"5. That the Circuit Court erred in refusing to grant the defendant's motion to nonsuit."

The appellant appears to accomplish all he urges for reversal in the grounds of appeal numbers two and five; nevertheless, the record should not have been encumbered by the insufficient grounds which do not raise arguable questions as above pointed out.

The facts upon which this case was founded were succinctly these: Plaintiff shipped to defendant seven hundred dozen aprons on consignment, at $2 per dozen, return to be made in sixty or ninety days. The defendant sold three hundred and seven dozen for plaintiff, and before this action was commenced alleged that it returned three hundred and ninety-three dozen, and tendered to plaintiff $614 in full payment of its indebtedness to plaintiff, but plaintiff refused to receive the same, which was tendered before action commenced. Defendant in its answer admitted this and brought the $614 into court and paid the same to the clerk thereof under a rule for that purpose, a copy of which was annexed to the answer. Plaintiff claimed to have received only two hundred and sixty-two and one-sixth dozen aprons, and it is therefore entitled to recover $875.66 instead of the $614 tendered, making a balance of $261.66, over and above the amount paid into court. No actual money was tendered; but that may be waived. As was stated by this court in *Kastens* v. *Ruland,* 94 *N. J. Eq.* 451: "While a tender could only be properly made by the production of the money equivalent to the amount required to be paid, this formality may be waived by the conduct of the parties."

After the $614 was paid into court plaintiff's attorney on notice to defendant, obtained an order from the circuit court authorizing the clerk to turn over to the plaintiff's

attorney the $614 deposited with the clerk by the defendant in the cause; and the order contained no further direction; it was purely interlocutory, and was so treated. Thereupon defendant's attorney gave the attorney for plaintiff notice that he would move the circuit court to dismiss the above entitled action and nonsuit the plaintiff on the ground that by accepting the money paid into court a full settlement of the claim had been effected. This of itself amounted to an assertion by defendant that the suit was not ended by the withdrawal of the money and that a final judgment had still to be entered; and the motion provoked from the plaintiff's attorney a counter-motion for an order directing the return to the clerk of the check given to the plaintiff's attorney and that the order of October 2d, 1926 (authorizing the payment to plaintiff's attorney) be vacated. Louis A. Fast, one of the attorneys for the plaintiff, made an affidavit that he was never directed by the plaintiff to make application for the $614 deposited by the defendant, but did it on his own initiative, and that the acceptance of that sum would act as an injustice to the plaintiff in depriving it of the right to sue for the amount it claimed to be due. On the return of this notice an order was made which recited that upon representation by Louis A. Fast, Esq., that the application for an order to turn over the money on deposit was improvidently requested by him under a misconception of the law, and that the plaintiff requested an order for payment of the money withdrawn, and it being manifest to the court that the plaintiff might have good cause of action for the balance due, and that it had at no time instructed counsel to make the application to turn over the money, and the defendant not having been harmed by the application, it was ordered that the check be returned to the clerk, that it be canceled, and that the acceptance thereof should not act as a bar to the recovery of the amount sued for by the plaintiff and that the order for its turning over was thereby made void.

The defendant-appellant claims that the acceptance of the deposit in this case by plaintiff's attorney was an admission of its answer that only that sum was due, and that therefore the plaintiff was concluded and could not sue for the balance

of the demand. Nevertheless, the uncontradicted testimony is that the attorney had no authority from its client to make any such settlement of the cause; and such fact authorized the court below in making the order that it did for the return of the money and re-establishing the *status quo ante.*

In *Howe* v. *Lawrence,* 22 *N. J. L.* 99, it was held by the supreme court that agreements made by attorneys and counsel, as to the manner of conducting a cause, will be respected and enforced by the court; but such agreements are not legal contracts, and are under the discretion and control of the court; and an agreement wanting in mutuality, and by which, without the consent of his client, an attorney has waived his client's substantial legal right, will not be enforced. And in *Faughnan* v. *Elizabeth,* 58 *N. J. L.* 309, the Supreme Court held that a satisfaction of judgment entered by the clerk by virtue of a warrant from the attorney of record of the plaintiff, will be vacated if the attorney was without authority to satisfy the judgment, and the defendant was not misled and other parties are not affected by the vacation. See, also, *Pursell* v. *Bennett (Supreme Court),* 68 *N. J. L.* 519, where it was held that in the absence of showing to the contrary only, it will be presumed that an acknowledgment of service was duly authorized.

And the same doctrine has been enunciated in chancery. In *Dickerson* v. *Hodges,* 43 *N. J. Eq.* 46, Vice-Chancellor Van Fleet held that a solicitor has no authority under his retainer to surrender any substantial right of his client without his client's consent. See, also, *Strauss* v. *Rabe,* 97 *N. J. Eq.* 208, 213.

The court below therefore was entirely right in controlling its own interlocutory rule, and in making the order vacating it.

This leaves for consideration only the question whether the Circuit Court on the trial erred in refusing to grant the defendant's motion to nonsuit. The case was tried upon the theory of the number of dozen of aprons which had not been paid for or returned by defendant to plaintiff, and plaintiff proved that instead of receiving the three hundred and ninety-three dozen said by defendant to have been returned, there were only returned two hundred and sixty-two and one-sixth

dozen, and plaintiff claimed payment at $2 per dozen for the missing aprons, being a balance of $261.66 and this was the uncontradicted testimony. Therefore, the direction for the plaintiff was right.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.