EDMOND B. ROBINS ET AL., APPELLANTS, v. MACK INTER-
NATIONAL MOTOR TRUCK CORPORATION, RESPOND-
ENT.

Argued May 26, 1930—Decided February 2, 1931.

For the appellants, *C. Richard Allen.*

For the respondent, *Lewis Starr.*

The opinion of the court was delivered by

PARKER, J.    The appeal challenges the propriety of a
nonsuit ordered by the trial judge in an action by the con-
ditional vendees of several motor trucks against the condi-
tional vendors, for damages as for a conversion.

The facts developed at the trial were complicated, but
those necessary to a determination of the question before us
are comparatively simple.    The only valid grounds of appeal
are the first, that the court erred in granting a nonsuit, and
the last, that the court erred in not submitting the questions
involved to the jury, which amounts to the same thing.

There were two conditional sale contracts by the defend-
ants as vendors; one with plaintiff Frank McGuigan as ven-
dee, made under the Pennsylvania statute, which is identical
with ours; and one with plaintiffs Robins and Brogan as
partners, under the New Jersey statute.    *Pamph. L.* 1919, *p.*
461, and supplements.    At the time of the events giving rise
to this suit, the three plaintiffs had apparently combined

their interests, in some manner not material to the controversy. The installment payments stipulated in the written contracts were not kept up, and the defendant seized the trucks, as it was entitled to do, and served notice that they would be sold at a stated time and place unless redeemed. Negotiations ensued, which need not be recounted here, but which took time, and before plaintiffs had secured financial backers and perfected arrangements for redemption, a judgment creditor of some or all of them had levied on the trucks in the State of Pennsylvania, and plaintiffs were unable or unwilling to lift the execution. The defendant, as conditional vendor, thereupon claimed property in the trucks levied on, and under the Pennsylvania law instituted an interpleader proceeding, as it is called. This seems to correspond rather closely to our claim of property under the Executions act (*Comp. Stat., p.* 2255), except that under the Pennsylvania law the claimant must give bond, and this the defendant did.

In this posture of affairs, the plaintiffs and their backers, named Bechtel and McManus, with whom plaintiffs had apparently made some arrangements to pledge their interest in the trucks as security for moneys to be advanced, went to the defendant's office and tendered a check for something over $12,000, stipulating that the purchasers' interest in the trucks be assigned to McManus and Bechtel. The amount was sufficient not only to make up the defaulted installments, but to clear away all indebtedness under the contracts. No objection was made to the check as such.

The nonsuit appears to have been rested by the trial court upon two grounds: first, that the tender of the whole unpaid balance was not a tender plaintiffs were entitled to make, but that they could only tender the defaulted installments with interest, &c.; and secondly, that defendant was entitled to require, and properly did require, indemnity against its bonds in the interpleader proceeding. We find it unnecessary to pass upon the propriety of either of these grounds, because we conclude that the nonsuit was proper for the reason that

the tender was accompanied by a condition which plaintiffs were not entitled to impose, viz., that defendant should "make out the titles to Bechtel and McManus." The defendant was under no obligation to do this. By the terms of the contracts, so long as any balance remained unpaid, even the vendees could not "sell, assign or underlet any interest in said property without the written consent of the vendor." True, on payment in full, plaintiffs would become owners and could themselves transfer their title to whomsoever they chose; but that is a very different thing from requiring the defendant to release to someone else than its own vendee. Defendant was entitled to stand on its contract; and it follows that a tender conditioned not on the passing of the title retained in the vendors, to the vendees, but on the conveyance of that title to others, was not a good tender, and gave plaintiffs no standing to recover in this action. 38 *Cyc.* 152; 26 *R. C. L.* 640; *Moore* v. *Vail*, 13 *N. J. Eq.* 295, 299; *Bidwell* v. *Garrison*, 36 *Atl. Rep.* 941. It matters not that the court did not rely on this ground in nonsuiting. It is the propriety of the judicial action, and not the soundness of the reason that prompted it, that is to be considered. *Gillespie* v. *John W. Ferguson Co.*, 78 *N. J. L.* 470; *McCrory Stores* v. *Braunstein*, 99 *Id.* 166.

Hence, as there was no legal error in granting the nonsuit, the judgment will be affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Daly, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 13.

*For reversal*—None.