FLOYD WYCKOFF, PLAINTIFF-APPELLANT, v. COUNTY OF MONMOUTH, DEFENDANT-RESPONDENT.

EDWARD GOFF, JR., PLAINTIFF-APPELLANT, v. COUNTY OF MONMOUTH, DEFENDANT-RESPONDENT.

Submitted May 31, 1941—Decided September 19, 1941.

For the appellants, *Quinn & Doremus* (*Vincent J. McCue,* of counsel).

For the respondent, *Snyder, Roberts & Pillsbury* (*John M. Pillsbury,* of counsel).

The opinion of the court was delivered by.

PERSKIE, J. The same question requires decision in both cases. That question is whether the trial judge erred, as

claimed, in striking out the complaint in each case on the ground that it was insufficient in law.

Appellants, plaintiffs below, were appointed on January 2d, 1934, to the positions of truck drivers, for the County of Monmouth, defendant below and respondent here, at the salary of $1,300 per annum. On January 2d, 1936, the County Board of Chosen Freeholders passed a resolution by the terms of which appellants' positions were declared vacant and appellants were discharged. Appellants, after considerable delay, instituted *certiorari* proceedings to review the legality of their discharge. These proceedings were brought on for hearing on May 20th, 1939, and resulted in an order on June 3d, 1939, setting aside the action of the County Board in discharging appellants. On August 18th, 1940, appellants were returned to their positions. Although it is stated in the brief for respondent that the county served notices of appeal from the orders of June 3d, 1939, the undisputed facts are that respondent did not prosecute these appeals and that respondent does not here challenge the force and effect of the orders of June 3d, 1939.

The reason for appellants' delay in instituting the *certiorari* proceedings are not made to appear. Reading, however, between the lines, it is quite evident that the parties sought—without success—to compose their differences. But be that as it may, because of the fact that considerable time elapsed between the date of the discharge of each appellant and the date of the institution of the *certiorari* proceedings, the parties entered into a like stipulation which is a part of the records in these cases. Under this stipulation the county waived any right it might have had to assert the defense of laches as part consideration for the promise of each appellant to "make no claim upon the County of Monmouth, the Defendant herein, at any time for *any back pay in excess of one year's pay in case of a favorable decision on a writ of certiorari;* it being understood that in case of any decision *favorable to the prosecutor in this action or any appeal therefrom, that he will not make any claim for compensation prior to the actual time he should start work on the alleged position,* for a period longer than one year, it being the purpose of the

County of Monmouth that in waiving a defense of laches, that the taxpayers of the County of Monmouth will not be put to any expense for any back pay for a period longer than one year."

In this posture of their differences, appellants, on October 13th, 1940, instituted suit against respondent each seeking as his damages $1,300 for the year of 1936 with interest together with his wages at the rate of $1,300 a year from the date of the decision of the Supreme Court (June 3d, 1939), together with interest and costs of suit.

Respondent thereupon filed notices of motions to strike the complaints on the ground that they failed to state a cause of action against respondent "in that tender of the sum of Thirteen Hundred ($1,300) Dollars was made to (appellants) in accordance with the stipulation, the basis of the action and same was refused * * *."

In support of these notices, respondent's affidavits disclose that respondent acknowledged that it was indebted to each appellant in the sum of $1,300; that this sum "was not acceptable" to appellants, and that respondent's attorney "informed" appellants' attorney that respondent "is ready and willing to make payment in accordance with the terms of the stipulation between the attorneys for appellant and respondent of one year's salary in the amount of Thirteen Hundred ($1,300) Dollars." We pause at this point to observe that respondent states (without challenge) in its brief that at the argument of the aforesaid motions it increased its tender from $1,300 to $1,509.44; the increase of $209.44 was to cover the period from June 3d, 1940 (date when respondent's right of appeal expired) to August 18th, 1940 (date when appellants were reinstated).

The trial judge construed the stipulation to mean that each appellant was entitled to "one year's back pay dating back from the expiration date of the respondent's right to appeal from the decision of the Supreme Court (June 3d, 1940), and that in addition thereto each appellant was entitled to compensation for the period from the expiration date of the right of appeal to the time (each) appellant was actually returned to work" (August 18th, 1940). On that construc-

tion he concluded that each appellant was entitled to $1,509.44. He further concluded that since respondent had tendered appellants the amount which he found to be due them, that each complaint should be stricken. Accordingly he entered orders striking each complaint. From the judgments based on these orders, appellants appeal.

1. We are, of course, not concerned with the reasoning but rather with the propriety of the result reached. *McCarty* v. *West Hoboken*, 93 *N. J. L.* 247; 107 *Atl. Rep.* 265; *Central Railroad Company of New Jersey* v. *State Tax Department*, 112 *N. J. L.* 5, 16; 169 *Atl. Rep.* 489. We think that the results reached were proper. At the time the orders striking the complaints were entered, respondent had placed itself in the position where, in our opinion, it had, under the stipulation, tendered $209.44 more than it was obliged to tender to each appellant.

The stipulation is clear. Each appellant agreed, irrespective of the time when the *certiorari* proceedings were determined by the Supreme Court, or the time when an appeal from the determination by that court was determined, "not to make any claim for compensation *prior to the actual time he should start work on the alleged position for a period longer than one year,"* and that the taxpayers of the county would "not be put to any expense for any back pay for a period longer than one year." The words "any compensation" are all inclusive. They fully comprehend back pay and future pay. Since neither appellant started to work until August 18th, 1940, neither was entitled to any compensation for any greater period than from August 18th, 1939, to August 18th, 1940.

Under the plain wording of the stipulation the county may be put to no expense for back pay for any longer period of time. The stipulation made no provision to cover the contingency that appellants would not return to work immediately after the judgment of the Supreme Court in the *certiorari* proceedings. We do not write a better contract than that which the parties chose to write for themselves. *Cf. Burnham* v. *The Borden Co.*, 121 *N. J. L.* 435, 443; 3 *Atl. Rep.* (2d) 151.

2. As made, was the tender good? The form of the tender was not good. There is nothing to indicate that the actual money ($1,300 or $1,509.44) was tendered. Nor is there anything to indicate that the money was actually paid into court, after suit was commenced, under a rule obtained from the court. For the proper practice see *The State Bank at New Brunswick* v. *Holcomb, 7 N. J. L.* 193; *Wright* v. *Behrens, 39 Id.* 413; *Lavan* v. *Sternfeld, 55 Id.* 41; *25 Atl. Rep.* 854; *Hygrade Cut Fabric Co.* v. *U. S. Stores Corp., 105 N. J. L.* 324, 327; *144 Atl. Rep.* 605, and Supreme Court rules 59 to 63, inclusive. Notwithstanding all this, appellants do not challenge the form of the tender. By their conduct appellants have waived the stated infirmities of the tender. *Cf. Hygrade Cut Fabric Co.* v. *U. S. Stores, supra* (at *p.* 327). As to the substance of the tender, we have already seen that it was not conditional, that it was free from valid objection, that it did not prejudice any of appellants' rights (*Robins* v. *Mack International, &c., Corp., 107 N. J. L.* 285; *153 Atl. Rep.* 649; see same case, *113 N. J. L.* 377, 384; *174 Atl. Rep.* 551), that it placed respondent in the position where, save for the formal infirmities of the tender which were waived and save for its acceptance by appellants, respondent had tendered more than it was obliged to have paid, fully to discharge its stipulated obligations to appellants. The orders dismissing the complaints were proper. The judgments based on these orders, are, therefore, affirmed, but without costs.

There is, however, a practical difficulty. While the judgments affirm the orders dismissing the complaints, they do not enable appellants, if necessary, to enforce the payment of the money to which they are entitled and which they have not received.

Thus to the end of giving practical effect to the judgments here affirmed, both cases are remanded to the court below with the following instructions: that respondent shall, within ten days from the date of the *remittitur,* deposit in court the money due each appellant, in accordance with this opinion but without interest or costs, and subject to the order of each appellant for the amount due to him; that upon failure of

respondent to make the deposits within the stated time, a judgment, without interest or costs prior to the entry thereof, shall forthwith be entered in favor of each appellant and against respondent for the money due to each appellant in accordance with this opinion.

If and when judgments are entered, as aforesaid, they are hereby affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—PARKER, CASE, COLIE, JJ. 3.