**Roni Christopher KEHOE, a/k/a Roni Christopher, Plaintiff,**

v.

**Charlotte Brown KEISTER, f/k/a Charlotte Gabriel; and Lilian Maria Brown, Defendants.**

Civ. A. No. 84-4970.

United States District Court, D. New Jersey.

Dec. 22, 1989.

Richard S. Haines, Toms River, N.J., for plaintiff.

Bathgate, Wegener, Wouters & Neuman by Peter H. Wegener, Lakewood, N.J., and Morgan, Carratt and O'Connor by Harry G. Carratt, Fort Lauderdale, Fla., for defendant Charlotte Brown Keister, f/k/a Charlotte Gabriel.

Lilian Maria Brown, Hollywood, Fla., and Elizabeth Athanasakos, Ft. Lauderdale, Fla., for defendant Brown.

BISSELL, District Judge.

By this Court's opinion and order entered November 30, 1988, Counts I through VI of the complaint were dismissed. The parties recently appeared before the Court to submit to the Court for resolution certain issues underlying Count VII of the complaint, the only remaining claim in the case. That submission was presented pursuant to a number of stipulated facts which included the following:

1. The outstanding principal due on the Non–Negotiable Promissory Note ("the Note") dated January 3, 1977 between the parties is $179,197.21.

2. No payments of principal have been made since January 3, 1984.

3. On or about January 3, 1986, plaintiff received from defendant a cashier's check drawn on Home Savings Association of Florida in the amount of $18,316.17 in payment of interest upon the Note for the period January 3, 1984 through December 31, 1985.[1]

4. This cashier's check in payment of interest has been held by plaintiff and/or her attorney since its receipt. It has neither been presented for payment nor returned.

5. On January 10, 1986, defendant Charlotte Brown Keister (f/k/a Charlotte Gabriel) ("the defendant") served upon plaintiff through her counsel an Offer of Judgment against that defendant in the sum of $179,197.21, the principal balance on the Note. That Offer of Judgment was filed with this court on January 13, 1986, and a copy thereof is appended to this opinion and incorporated by reference.

6. The original of the Note could not be produced at the hearing.

---

1. A letter from that bank, dated September 21, 1989, submitted at the hearing before the Court, confirms that that cashier's check remains a valid check and that "upon proper endorsement by Roni Christopher Kehoe, we will honor payment of this check." This Court's calculations reveal that the amount in this cashier's check reflects an accurate calculation of interest for the stated time period, at the 5% rate stated in the Note, compounded annually.

7. Upon determination of the remaining contested issues set forth below, whatever amount is found to be due and owing to the plaintiff will be paid in full, through an instrument made payable to the plaintiff and her attorney, thereby concluding the case, each party waiving and abandoning any rights of appeal from either the present determinations of this Court or those embodied in prior decisions and orders.

8. Upon conclusion of proceedings before this Court, an order of final judgment in favor of the co-defendant Lilian Maria Brown will be entered, dismissing all claims against her.

The issues submitted to this Court for resolution were the following:

A. May the plaintiff maintain a claim upon the Note, or the debt underlying it, despite being unable to produce the original at the trial?

B. Was the transmittal of the cashier's check described above an effective tender of interest which had accrued through December 31, 1985, and did it remain so by reason of plaintiff's retention of that instrument?

C. Did the filing and service of the aforementioned Offer of Judgment, even though unaccepted by the plaintiff, preclude plaintiff from asserting a claim for any interest from and after the date of the Offer of Judgment?

D. If plaintiff remains entitled to interest from and after December 31, 1985, at the 5% rate reflected in the Note, how shall it be calculated?

The Court will proceed to resolve the above issues in the order stated.

■ A. The parties agreed at trial that exhibit P–6 was an accurate copy of the Note, albeit without the signature of the defendant Charlotte Brown Keister. The plaintiff testified before this Court that she had received the fully executed original of the Note and deposited it in a safe deposit box, which she still maintains, at Morgan Guaranty Trust Company, 59th and Madison, New York, New York. Over the years she occasionally removed papers from that safe deposit box, but has no recollection of either removing or not removing this Note. She has recently searched not only that safe deposit box but other reasonably conceivable locations where the Note might be, to no avail. Despite acknowledging some financial transactions with others since the execution of the Note, the plaintiff has neither delivered, assigned nor pledged that note to any other person.

N.J.S.A. 12A:3–804 provides in its entirety as follows:

The owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his own name and recover from any party liable thereon upon due proof of his ownership, the facts which prevent his production of the instrument and its terms. The court may require security indemnifying the defendant against loss by reason of further claims on the instrument.

This Court finds that the plaintiff has established that the original Note is indeed lost, in all likelihood for many years. At no time has any other party ever made any claim against either the plaintiff or the defendant based upon that Note. An admittedly true copy of the Note has been introduced into evidence thereby establishing the rights and obligations of the respective parties on this undertaking. Accordingly, plaintiff has satisfied the requirements of § 804 set forth above. Furthermore, because the likelihood of another party's making any "claims on the instrument" is extremely remote, the Court will not require the plaintiff to post security to indemnify the defendant against any such potential claim.

■ B. The Court determines that the unconditional tender by defendant of accrued interest, in the form of a cashier's check—the equivalent of cash, is effective to discharge defendant's liability for interest for the time period covered by that payment. Plaintiff retained those funds

which the issuing bank will honor to this day. The calculation was accurate. In order to maintain her position that such a payment was ineffective because it was contrary to the terms of installment payment set forth in the Note, it was incumbent upon plaintiff to reject and return the instrument. However, she did not return it. Accordingly, plaintiff will be deemed to have accepted this payment of interest accrued through December 31, 1985. She is free to present that check for payment, and no claim for interest for any time period prior to that date may be asserted against the defendant.

C. Defendant argues that, whether considered under Fed.R.Civ.P. 68 (Offer of Judgment) or N.J.S.A. 12A:3–604 (Tender of Payment), her Offer of Judgment of January 10, 1986, in an amount accurately stating the principal balance due, is effective to bar plaintiff from asserting any claim to interest accrued after January 10, 1986. This Court disagrees.

Rule 68 of the Federal Rules of Civil Procedure is silent upon the question of whether, where an offer of judgment is filed and unaccepted, a plaintiff will be precluded from asserting interest after the date thereof should plaintiff eventually obtain a judgment in an amount equal to or less than the offer of judgment. Assuming the Court might be inclined to invoke the Civil Practice Rule applicable in the Superior Court of New Jersey (under the doctrine of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937) in this diversity action), that rule, by implication, would appear to preclude the recovery of such interest because it only provides for interest where "a claimant" makes an offer of judgment and later obtains a verdict "at least as favorable to him as his offer." N.J.R. 4:58–2. *See also* N.J.R. 4:58–1, 4:58–3. Defendant accurately cites the two decisions which she was able to locate, each a state court action, where a plaintiff was not entitled to interest after the date of an unaccepted offer of judgment which later turned out to be equal to the amount recovered by the plaintiff at trial. *Jones v. New Independent Tobacco Warehouse Co.,* 305 S.W.2d 918 (Ct. of App.Ky.1957); *Charles I. Hosmer, Inc. v. Commonwealth,* 302 Mass. 495, 19 N.E.2d 800 (1939). Defendant also argues that the rationale supporting this result is the same as that endorsed, in a different context, by the United States Supreme Court in its recent decision of *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

However, the figure presented by defendant in her Offer of Judgment ($179,-197.21) was acknowledged in that offer to be the principal balance due on the Note in question. Plaintiff's claim on that note was embodied in Count VII; but, defendant's Offer of Judgment was not confined to that count. The offer did not propose that the other six counts remain open for disposition. Rather, that offer was to be "in full and complete satisfaction" of any and all claims, whether pleaded in the case or not, against both defendants, with the further proviso: "The acceptance of such judgment by plaintiff shall be deemed to be a full release of any and all claims which the plaintiff may or shall have had against both defendants and shall bar any subsequent suit or action against both of the defendants." Because, by its very terms, this Offer of Judgment was not limited to the liquidated claim reflected in the amount of the offer, but rather would require the plaintiff to abandon all other claims against both defendants in order to accept it, plaintiff's refusal to accept that Offer of Judgment will not preclude her from continuing to assert before the Court a claim for interest, particularly where that claim is founded upon the very terms of the Note itself. Were this Court to rule otherwise, it would inappropriately encourage defendants facing multiple claims, liquidated and unliquidated, to make offers of judgment on liquidated claims conditional upon abandonment of unliquidated claims, thereby discouraging a plaintiff from continuing to assert the latter at the risk of losing years of accrued interest to which he would otherwise be contractually entitled. Such a chill upon

the pursuit of bona fide claims, even if eventually decided adversely to a plaintiff, should not be promoted by this Court.

It is true that, in its later opinion, the Court ruled that under applicable law regarding election of remedies and the statute of limitations, Counts I through VI would be dismissed. However, defendant's motions which led to that relief were contested by the plaintiff, as they should have been, and were by no means cut and dry. Furthermore, these dismissals were on grounds that did not reach the merits of those counts, accordingly, this Court is in no position to say that such claims were frivolous or factually unfounded.

In summary, the facts of this case, including the multiplicity of claims, distinguish it from the *Jones* and *Hosmer* cases. Rule 68 is silent on the subject of the tolling of interest, and this Court is naturally reluctant to read into the rule such a significant provision. Finally, the Offer of Judgment is not confined to the claim seeking the particular liquidated sum set forth in the offer, but would require, as of January 1986, plaintiff's abandonment of all present and foreseeable future claims against both defendants, including but not limited to those in Counts I through VI of the present complaint. More accurately, the offer should be characterized as an offer of settlement, rather than an offer of judgment, offering zero for all claims other than Count VII. For all of these reasons, when analyzed as a purported offer of judgment under Rule 68, it is not effective to suspend the accrual of interest on the underlying Promissory Note obligation from and after December 31, 1985.

Unlike Rule 68, N.J.S.A. 12A:3–604 expressly addresses the question of interest accruing after a tender of payment on an obligation. That statute states where pertinent:

> Any party making tender of full payment to a holder when or after it is due is discharged to the extent of all subsequent liability for interest, costs and attorney fees.

N.J.S.A. 12A:3–604(1). Accordingly, this Court must determine whether the Offer of Judgment in this case constitutes a tender sufficient under that statute to terminate the running of interest.

Plaintiff argues that a mere offer by a defendant to allow judgment to be taken against her is not a "tender of payment" under any circumstances. The Court need not decide this general proposition; however, because, in order to be effective, a tender must be unconditional or unqualified, not requiring the offeree to abandon or relinquish other claims. As stated by New Jersey's highest court, nearly 60 years ago, a tender is ineffective if "accompanied by a condition which [the parties making the tender] were not entitled to impose." *Robins v. Mack International Motor Truck Corp.*, 107 N.J.L. 285, 287, 153 A. 649 (E. & A.1930). In a later, similar litigation between the same parties, that same Court stated, "a tender to be effectual therefore must be unconditional ...; it must be without conditions to which the creditor can have a valid objection, or which will prejudice his rights." *Robins v. Mack International Motor Truck Corp.*, 113 N.J.L. 377, 384, 174 A. 551 (E. & A.1934). Some 30 years later, the New Jersey Supreme Court held: "A tender [of payment] must be unconditional, [citing *Robins*], and since the tender here would entail the surrender by the Borough of its good faith claim in excess of the surety's figure, it was improper without regard to the accuracy of the surety's calculation.... The tender made by the surety did not stay the accrual of interest." *Totowa v. American Surety Co. of N.Y.*, 39 N.J. 332, 350–51, 188 A.2d 586 (1963).

The *Robins* and *Totowa* cases mentioned above involved events in a time period prior to New Jersey's adoption of the Uniform Commercial Code. However, the New Jersey study comment accompanying the code's adoption in 1961, states expressly "subsection 3–604(1) is in accord with New Jersey case law." N.J.S.A. 12A:3–604, N.J.S. Com. 2.

For the reasons stated above in connection with the applicability of Fed.R.Civ.P. 68, defendants' Offer of Judgment, calling upon plaintiff to abandon any and all claims against them (whether pleaded in this action, presently existing but unpleaded, or foreseeable in the future) was not an unconditional tender of payment on the Note claim (Count VII) which would discharge any obligation for interest thereafter under § 604(1). Accordingly, such interest is due and owing to the plaintiff, and the Court will proceed to calculate it.[2]

■ D. This Court has already ruled that the defendant's payment by cashier's check in the amount of $18,316.17 was effective to bring interest current through December 31, 1985. Accordingly, interest will be calculated upon the outstanding principal balance from and after that date. Defendant argues that interest should be assessed on the basis of simple, not compound interest. However, in analyzing the amount of interest paid in the aforementioned check, it is clear that defendant herself paid interest at 5%, compounded annually. This is by far the reasonable and equitable construction of her obligation. The 5% interest rate is itself quite low. Secondly, the Promissory Note expressly calls for annual payments to discharge pending interest and reduce principal. By far the most appropriate inference from those terms is that any interest unpaid as and after a given payment date is to be incorporated into the principal and itself bear interest thereafter. With the aid of the schedules for calculation of interest submitted by plaintiff at the hearing, but without adopting either of them exactly, the Court has made the following calculations of interest leading to a total amount due and owing to the plaintiff of $217,-814.97 as of December 31, 1989, or the next business day thereafter. The Court has chosen this date as a reasonable time for payment, given the date of the present opinion and judgment. Should payment be made later, it must include interest at the rate assessed upon judgments in this Court.

| $179,197.21 | |
| 8,959.86 | |
| $188,157.97 | due December 31, 1986 |
| 9,407.53 | |
| $197,564.60 | due December 31, 1987 |
| 9,878.23 | |
| $207,442.83 | due December 31, 1988 |
| 10,372.14 | |
| $217,814.97 | due December 31, 1989 |

## CONCLUSION

For the reasons set forth above this Court determines that the plaintiff is entitled to a judgment against the defendant Charlotte Brown Keister, f/k/a Charlotte Gabriel, in the amount of $217,814.97, and judgment has been entered in that amount as reflected in the copy thereof enclosed. I have today also entered an order granting judgment in favor of the co-defendant Lilian Maria Brown in the form submitted to me at the date of the final hearing. A copy of that judgment is also enclosed.

## APPENDIX

January 13, 1986

### OFFER OF JUDGMENT

To: Ronnie Christopher, Plaintiff, and

Richard S. Haines, P.A., attorney for Plaintiff.

The Defendant, CHARLOTTE BROWN KEISTER, hereby offers to allow judgment to be taken against this Defendant for the principal sum of $179,197.21, being the principal balance on the note of January 3, 1977, plus accrued interest thereon from January 1, 1986 (since all prior interest thereon has been satisfied by issuance of a cashier's check of 12/23/85, copy of which

---

**2.** This result is dictated not only by the legal analysis above but by all considerations of equity and fairness. Defendant did not deposit the funds with this Court and has continued to enjoy the benefit of this substantial sum, presumably at an interest rate greater than 5%.

is attached), which judgment shall be in full and complete satisfaction of any and all claims and causes of action the Plaintiff has in this cause or that Plaintiff may have, in all events, as against both Defendants in this cause, and which judgment shall be in full settlement and in full release of any and all such claims by Plaintiff against both Defendants, CHARLOTTE BROWN KEISTER and LILIAN MARIA BROWN. The acceptance of such judgment by Plaintiff shall be deemed to be a full release of any and all claims which the Plaintiff may or shall have had against both Defendants, and shall bar any subsequent suit or action against both of the Defendants.

This offer is made pursuant to Rule 68, Fed.R.Civ.P., and shall be deemed to be withdrawn unless accepted within thirteen (13) days from the date hereof.

Dated this 10th day of January, 1986.

/s/ Charlotte Brown Keister
Charlotte Brown Keister,
Defendant

THIS IS TO CERTIFY that a copy of the foregoing Offer was furnished by mail to RICHARD S. HAINES, P.A., attorney for Plaintiff, P.O. Box 1117, Toms River, New Jersey 08754, this 10th day of January, 1986.

PETER H. WEGENER
BATHGATE, WEGENER,
WOUTERS & NEWMANN
One Airport Road
Lakewood, New Jersey 08701, and
HARRY G. CARRATT
2601 E. Oakland Park Boulevard
Suite 500
Ft. Lauderdale, Florida 33306
Attorneys for Defendant, Keister

By /s/ Harry G. Carratt
Harry G. Carratt

cc: Elizabeth Athanasakos, Esq.
1800 N.E. 26th Street
Ft. Lauderdale, Florida 33305

## FINAL JUDGMENT FOR DEFENDANT, LILIAN MARIA BROWN

This cause came on to be heard before the Court for trial of the above case and the only issue presented at the trial is Plaintiff, RONNI CHRISTOPHER's claim against the Defendant, CHARLOTTE BROWN KEISTER, formerly known as

CHARLOTTE GABRIEL, on a promissory note executed on January 3, 1977 under Count VII of Plaintiff's Complaint. The Defendant, LILIAN MARIA BROWN, is not involved in the trial of Plaintiff's claim under the note under Count VII of Plaintiff's Complaint, and since the Court has previously granted the Motion for Summary Judgment as to the remaining counts of Plaintiff's Complaint, Defendant, LILIAN MARIA BROWN, is therefore entitled to entry of a Final Judgment in her favor. Thereupon, it is

ORDERED AND ADJUDGED that Final Judgment be, and the same is hereby entered in favor of Defendant, LILIAN MARIA BROWN, and Plaintiff's Complaint is dismissed, with prejudice, as to said Defendant, and without costs.

Dated this 22nd day of December, 1989.