J-A12037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MAURICE REGINALD CARR | : | |
| | : | |
| Appellant | : | No. 1133 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 8, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001777-2018

BEFORE: LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 20, 2021**

Maurice Reginald Carr ("Carr") appeals from the judgment of sentence imposed following his guilty plea to possession of a controlled substance.[1] We affirm.

While serving an unrelated sentence at Lebanon County Correctional Facility, a correctional officer observed Carr smoking a rolled cigarette. The officer asked Carr to empty his pockets, from which Carr retrieved a plastic bag containing a green, leafy substance. The substance was later tested and identified as FUB-AMB,[2] which is a Schedule I controlled substance. Carr was charged with contraband and possession of a controlled substance.

---

[1] 35 P.S. § 780-113(a)(16).

[2] FUB-AMB is a synthetic cannabinoid.

Prior to a hearing, Carr and the Commonwealth negotiated a plea agreement, under which Carr would plead guilty to possession of a controlled substance and serve a minimum sentence of one year, less one day. In exchange, the Commonwealth agreed to *nol pros* the contraband charge. **See** Written Guilty Plea, 4/7/20.

At the start of the guilty plea hearing, the following exchange occurred:

The Court: So I'm clear, this is a[ State Correctional Institution] sentence; correct?

[Defense Counsel]: Your Honor, it's a local sentence for one year --

The Court: No, I won't do a local sentence for possessing contraband in the Lebanon County Correctional Facility. I will go less -- here is what -- the plea agreement is one year less a day and it didn't specify if it was SCI or local. I would do six months in a State Prison, but I am not going to sentence someone who has possessed drugs in the Lebanon County Correctional Facility to a local sentence. That is a line in the sand for me. If they are possessing drugs inside the Lebanon County Prison, they've proven to me that they don't belong in the Lebanon County Prison and I'm going to put them upstate. Period. End of discussion. If you don't like it, take it to trial. So that is where we are at. I'll go less time on the sentence, but it has to be in SCI.

N.T., 7/1/20, at 2. Defense counsel then requested a continuance in order to speak with Carr.

On July 7, 2020, Carr filed a Motion for Recusal, arguing that the Honorable Bradford H. Charles ("Judge Charles") showed bias by stating that he would impose a state prison term for anyone charged with contraband in

- 2 -

the Lebanon County Correctional Facility.[3]  At the start of the second hearing on July 8, 2020, the parties discussed the Motion for Recusal, and Judge Charles stated as follows:

> For years -- for months, if not years, I have been hearing people tell me about how bad the drug problem is at the Lebanon County Prison.  We have prisoners that they are unable to stay clean even though they are in jail.  And understanding that drugs and prisons do not mix, the number of correctional officers versus the number of inmates are problematic.  If you add drugs to the mix, especially synthetic, it creates a horror story for the prison. I've taken the position that if they have drugs inside of the Lebanon County Correctional Facility, they have proven to us they don't belong there and they need to go to the State[,] and maybe they can rehabilitate them in a way that the local prison cannot. And so I have that belief.  I don't think that requires me to recuse.
>
> I'm rejecting the plea agreement and that is in my authority. The end of the standard range is 6 months.  I'm okay with that, as long as it's in a State Prison.  So I'm going to deny your Motion for Recusal.  I'm willing to proceed ahead today to impose a sentence at a minimum that is less than what was presented to me before, but it has to be in the State.  It's your choice and your client's choice, so tell me what you want to do.

N.T., 7/8/20, at 2-3.

Carr agreed to proceed with sentencing.  Defense counsel stated that the intent of the plea agreement had been for Carr to serve a local sentence of one year less one day.  Judge Charles then stated, "So everyone is clear, he will get 6 months to 2 years." *Id.* at 4.  At the close of the hearing, the

---

[3] The proposed order attached to Carr's Motion for Recusal is marked "not signed."  Additionally, the docket entry following the Motion for Recusal states "Order Unsigned."

trial court sentenced Carr to serve a term of 6 months to 2 years in a State Correctional Institution, with credit for time served, and a $50 fine.

Carr filed a timely Post-Sentence Motion, including a Motion to Modify Sentence. Therein, Carr argued that Judge Charles exhibited bias based on the crime charged, and failed to consider the Sentencing Guidelines. The trial court denied the Post-Sentence Motion. Carr filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Carr now raises the following issue for our review:

Did [Judge Charles] abuse his discretion by not recusing himself from further proceedings with [Carr's] case when not imposing an individualized sentence following [Carr's] guilty plea, and instead decided that [Carr] and all other similarly[-]charged [d]efendant's [*sic*] would receive a sentence in a [S]tate [C]orrectional [I]nstitution before the sentencing proceeding began?

Brief for Appellant at 5.

Carr argues that the trial court erred in failing to grant his Motion for Recusal, because Judge Charles abused his discretion, and displayed bias in sentencing. *Id.* at 19. Carr claims that Judge Charles "announced his intention to only sentence [Carr] to a [S]tate [C]orrectional [I]nstitution prior to the commencement of the sentencing hearing and before receiving any information about [Carr]." *Id.* at 27-28. Further, Carr asserts that Judge Charles imposed the state sentence based on the contraband charge, which had been *nol prossed*. *Id.* at 28. According to Carr, he did not engage in any misconduct in the Lancaster County Correctional Facility while he awaited his

sentencing hearing. *Id.* at 29. Carr contends that with a local sentence, he would be eligible for immediate parole; however, a state sentence would require him to undergo processing through the diagnostic and classification center, and to complete drug-related programs, which would take several months. *Id.* at 29-30.

Carr appears to challenge both Judge Charles's denial of Carr's Motion to Recuse, and the discretionary aspects of the sentence imposed. First, regarding recusal,

> [i]t is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion. In review a denial of a disqualification motion, we recognize that our judges are honorable, fair and competent.

*Commonwealth v. Dip*, 221 A.3d 201, 206 (Pa. Super. 2019) (citations and paragraph break omitted).

In his Written Guilty Plea Colloquy, Carr acknowledged his understanding that "the [trial c]ourt is not bound by the terms of any plea agreement entered into between [him], [defense] counsel and the attorney for the Commonwealth," and that Carr "could withdraw [his] plea if the [trial

c]ourt rejects the plea agreement[.]" Written Guilty Plea Colloquy, 4/7/20, at 6; ***Commonwealth v. Muhammad***, 794 A.2d 378, 384 (Pa. Super. 2002) (stating that "one is bound by one's statements made during a plea colloquy, and may not successfully assert claims that contradict such statements."); ***see also Commonwealth v. Chazin***, 873 A.2d 732, 737 (Pa. Super. 2005) (stating that a court may reject the terms of a plea agreement "if the court believes the terms do not serve justice."(citation omitted)).  At the start of the July 1, 2020, sentencing hearing, Judge Charles informed Carr that he would not accept the plea agreement with a local sentence.  N.T., 7/1/20, at 2, 3.  Defense counsel requested, and was granted, a continuance to discuss the matter with Carr.  ***Id.*** at 3.  When the parties reconvened on July 8, 2020, Judge Charles again rejected the plea agreement for a local sentence.  N.T., 7/8/20, at 3.  Counsel stated that Carr would, nevertheless, proceed to sentencing.  ***Id.***

Carr fails to establish that Judge Charles was incapable of honorably, fairly, and competently presiding over the sentencing.  ***See Dip***, ***supra***.  As we discern no abuse of discretion in Judge Charles's determination that he could dispose of the case fairly, we grant Carr no relief on this claim.

Further, to the extent that Carr also challenges the discretionary aspects of his sentence,[4] we note that an appellant has no absolute right to review of such claim. **See Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted). Rather,

> [b]efore this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by establishing that (1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

**Commonwealth v. Starr**, 234 A.3d 755, 759 (Pa. Super. 2020).

Here, Carr filed a timely Notice of Appeal, raised this challenge in his Post-Sentence Motion, and included a separate Rule 2119(f) Statement in his brief. Additionally, Carr's claim that the trial court failed to consider individualized sentencing factors, and sentenced him solely on the nature of his crime, raises a substantial question. **See Commonwealth v. Mola**, 838

---

[4] "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa. Super. 2017) (citation and quotation marks omitted). However, because the trial court rejected the agreed-upon sentence, we may consider Carr's challenge to the discretionary aspects of his sentence. **Cf. id.** (stating that "when the plea agreement contains a negotiated sentence *which is accepted and imposed by the sentencing court*, there is no authority to permit a challenge to the discretionary aspects of that sentence." (emphasis added)).

A.2d 791, 793 (Pa. Super. 2003) (stating that "[a] colorable claim of a blanket sentencing policy raises a substantial question whether the sentence violates the Sentencing Code, which requires sentences tailored to each case."); *id.* (explaining that, "[w]hen fashioning a sentence, the trial court must consider the factors set out in 42 Pa.C.S.A. § 9721(b) (requiring sentence consistent with protection of public, gravity of offense in relation to impact on victim and community and rehabilitative needs of defendant), and impose an individualized sentence."). Thus, we will address the merits of Carr's discretionary sentencing claim.

> Our standard of review is well settled: imposition of sentence is vested in the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of that discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. If the sentence is not unreasonable, the appellate court must affirm. When imposing a sentence of total confinement, the sentencing judge must state the reasons for the sentence in open court. …

*Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004) (citations and quotation marks omitted). Moreover, "[w]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010).

Here, the trial court noted that it imposed a sentence at the bottom of the standard range of the Sentencing Guidelines.[5]  **See** Trial Court Opinion, 8/26/20, at 5; **see also Moury**, **supra**.  During the July 8, 2020, sentencing hearing, defense counsel informed the court that Carr is a single father with three children, and that he had been employed for three years prior to his incarceration.  N.T., 7/8/20, at 4.  The trial court asked Carr if he wished to speak, and Carr declined.  **Id.** at 5.  In its Opinion, the trial court also emphasized that Carr "has a long-term problem with drugs.  For the sake of his own rehabilitation, [Carr] needs to be in an environment where drug use cannot be facilitated.  Sadly, but obviously, that environment is not [the Lebanon County Correctional Facility]."  Trial Court Opinion, 8/26/20, at 5. Additionally, it appears that the trial court had the benefit of a pre-sentence investigation report ("PSI").[6]  **See Moury**, 992 A.2d at 171 (explaining that, when the sentencing court is informed by a PSI, "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.") (citation and quotation marks omitted).  Based upon the foregoing,

---

[5] We note that there is no discussion in the record of Carr's prior record score or offense gravity score.

[6] Our review reveals no order directing the preparation of a PSI.  However, during the July 8, 2020, sentencing hearing, the trial court indicated that it reviewed the contents of the PSI, and the Commonwealth references the PSI in its appellate brief.  N.T., 7/8/20, at 5; Commonwealth's Brief at 2, 5, 7, 10, 18.

the record reflects that the trial court considered the relevant sentencing factors, and we conclude that the trial court did not otherwise abuse its discretion in imposing Carr's sentence. *See **McAfee***, *supra*. Thus, Carr's discretionary sentencing challenge is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/20/2021